## APPEAL OF BENJAMIN RHOAD.
## [ESTATE OF HENRY HEFFNER, DECEASED.]

APPEAL FROM THE DECREE OF THE ORPHANS' COURT OF
BERKS COUNTY.

Argued March 1, 1888—Decided April 2, 1888.

The will of a testator put upon two of his sons the maintenance of his widow during her lifetime, and devised to each a tract of land charged with a certain sum to be paid in annual instalments to his executor, directing in each devise that the deed and possession should be given when the younger son arrived at the age of twenty-one years. Before the majority of the younger son, an interested legatee sought to compel the executor to account for instalments then claimed to be payable:

*Held*, that, even if possession had been given the devisees upon the death of the testator, as was alleged, the annual instalments were not collectible by the executor until the majority of the younger son, when the devisees were legally entitled to the deeds and possession.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and CLARK, JJ.; TRUNKEY and WILLIAMS, JJ., absent.

No. 335 January Term 1888, Sup. Ct.

Henry Heffner, of Richmond township, died in June, 1883, leaving a will, afterwards duly admitted to probate, Benjamin Rhoad becoming the executor thereof, the material portions of which will were as follows:

Item (1). I give and bequeath unto my beloved wife Emma Heffner [certain property]. I further direct that my two sons David Heffner and John Heffner, shall keep and maintain my said wife during her natural lifetime and provide her with food, lodgings, grain and all things necessary for her maintenance and support, but only if she remains single, otherwise not.

Item (3). I give and bequeath to my son John Heffner [certain parcels of land] to have and to hold the said messuages and tracts of land above described to him, his heirs and assigns forever, he or they paying thereout the sum of three thousand dollars, without interest, in the following payments, viz.: Five hundred dollars yearly and every year to my execu-

tor, proper deeds and possession to be given to him as soon as he attains the age of twenty-one years.

Item (4). I give and bequeath to my son David Heffner [certain other parcels of land] to have and to hold the said messuages and tracts of land above described to him, his heirs and assigns forever, he or they paying thereout the sum of three thousand dollars, without interest, in the following payments, viz. : Five hundred dollars yearly and every year to my executor, proper deeds and possession to be given him as soon as the said John Heffner shall have attained the age of twenty-one years.

In item (7) the executor was directed to pay to seven of his children who were named and who were devised no land, Martin Heffner being one of them, such sums as were required to make them even, " deducting the amounts of the four last named, already paid to them in my family book, said payments to be made always as soon as there is enough money on hand to make a distribution, or as soon as the executor sees fit."

On April 9, 1887, Martin Heffner filed a petition setting forth that he was a son of the testator, the date of the testator's death, the grant of letters testamentary to Benjamin Rhoad, and averring that as such executor it was his duty to collect from John and David Heffner, respectively, the sum of five hundred dollars annually ; that two of said payments had matured, and the executor had not filed an account, etc.; praying for a citation, etc.

The executor answered on May 17, 1887, that he had no money of the testator's estate in his hands for which he ought to account; that he had not collected any instalments of money alleged by the petition to be due and payable by the devisees named in the will ; that he was advised by his counsel that under said will it was his duty to take and receive the rents, issues and profits of the real estate devised to David Heffner and to John Heffner, until John Heffner should arrive at the age of twenty-one years, which would not occur till October 17, 1888, when he was to deliver possession of the devised premises to the devisees, who were then each to pay him the sum of five hundred dollars annually until each had paid the sum of three thousand dollars.

It was agreed by the parties by paper filed on January 30,

1888, that John Heffner was born on October 17, 1867, and, inter alia, that there were no funds actually to be accounted for by the executor except the purchase money of the real estate devised to John and David Heffner.

On February 1, 1888, the court, SCHWARTZ, P. J., without opinion filed, entered a decree that Benjamin Rhoad, executor, etc., file an account charging himself with two thousand dollars due and payable to him under said will, one thousand from John Heffner and one thousand from David Heffner, and that the costs of the proceeding be paid out of the estate.

The respondent executor then took this appeal, assigning the said decree as error.

*Mr. H. Willis Bland* (with him *Mr. E. H. Shearer*), for the appellant:

Particular expressions that would stand in the way of the general intent of a testator are to be disregarded, or construed in subordination to it: Musselman's Est., 5 W. 9; Doebler's App., 64 Pa. 9; Schott's Est., 78 Pa. 40; Middleswarth v. Blackmore, 74 Pa. 414. In this will the general intent is easily gathered from plain expressions of the manifest purpose that the devisees should not be given possession of the realty until John attained his majority. John is not to have possession until he is twenty-one; David is not to have possession till John is twenty-one.

*Mr. C. H. Ruhl* (with him *Mr. Daniel Ermentrout*), for the appellee:

It is argued that the general intent of this will was that the devisees should not be given possession until John attained his majority; yet the executor permitted the devisees to go into possession immediately after the death of the testator in June, 1883. The provision relative to giving possession and deeds was ignorantly inserted by the scrivener, who evidently was of the erroneous opinion that a minor could not legally hold title. This is apparent from the failure of the testator to provide for carrying on the farms and to dispose of their proceeds in the meanwhile. John was sixteen years of age; his father was the best judge of his capacities for labor and payment, and that he intended him to assume the responsibilities

of a man, is shown by the previous clause putting upon John and David the obligation of carrying out the provision for his widow.

OPINION, MR. JUSTICE PAXSON:

There is no ambiguity in the third and fourth items of the will of Henry Heffner, by which he devises to his sons John and David respectively certain real estate. By item third he devises to his son, John Heffner, his heirs and assigns forever, three separate tracts of land, "he or they paying thereout the sum of three thousand dollars without interest in the following payments, viz.: five hundred dollars each and every year to my executor, proper deeds and possession to be given to him as soon as he attains the age of twenty-one years." By item four he devises certain other real estate to his son David Heffner, he paying thereout a like sum of three thousand dollars in the same yearly payments of five hundred dollars each; "proper deeds and possession to be given to him as soon as the said John Heffner shall have attained the age of twenty-one years." It is as clear as language can make it, that possession was not to be delivered to either of the sons, of the real estate devised to him, until John Heffner shall have attained the age of twenty-one years.

When the testator died, John was only sixteen years old. He still lacks some months of majority. The question is whether it was the duty of the executor to have collected the annual payments of five hundred dollars from John and David prior to the time when the will authorizes them to take possession; in other words, whether these payments commence from the death of the testator. The court below held that the executor should have collected this money, and ordered him to file an account charging himself with the same. From this decree the executor appealed.

It would certainly be a hard case to surcharge this executor with money which he had not received, and which he could not have collected by any process of law. John Heffner is still a minor and no judgment could be recovered against him, even though he were entitled to the possession. And while David is of age, we cannot assume the testator intended him to pay three thousand dollars out of the real estate devised to

him before he was legally entitled to the possession. We see nothing in the will to make any distinction between them in this respect. John could not be made to pay for the reason above given. He could not pay if he wanted to, because, conceding both title and possession to be in him for all purposes, he could not borrow a dollar on his own credit or the credit of the property. He could not give a binding obligation of any kind.

Nor do we think it material that the executor gave each of them possession on the death of the testator, if the fact be so. The testator directs "that my two sons, David Heffner and John Heffner, shall keep and maintain my said wife during her natural lifetime and provide her with food, lodgings, grain and all things necessary for her maintenance and support, but only if she remains single, otherwise not."

Conceding here was an implied authority which would justify the executor in placing the two sons in the possession of their respective properties, it still remains that the clause above quoted was inoperative as to John during his minority. This the testator must be presumed to have known. Thus we have the whole burden of his mother's support thrown upon David during his brother's minority, which may be the reason why the testator did not require David to pay at an earlier day than John. Be that as it may, he did not require it, which is sufficient for present purposes.

The decree is reversed at the cost of the appellee.