FRANK P. HAGERTY ET AL., PLAINTIFFS IN ERROR, v. JOHN LEE, DEFENDANT IN ERROR.

1. A covenant or stipulation inserted in a deed poll binds the grantee, his heirs and assigns where such stipulation relates to the premises conveyed.
2. In such case an easement may be acquired by the grantor by a clause of reservation. The technical distinction between reservation and exception will be disregarded and the language used so construed as to effectuate the intention of the parties.
3. The grantee in a deed and those claiming under him cannot deny the binding authority of a reservation in a deed.
4. The effect of the reservation in this case is to prohibit the grantee from building on the common line more than twenty-four feet in depth, commencing at Main street.
5. *Quære.* Whether the same rule of construction applies to a reservation or an implied grant as to an express grant, thereby making it necessary to use the word "heirs" to create a fee?

On error to the Supreme Court.

For the plaintiffs in error, *Irwin W. Schultz* and *Theodore Runyon.*

For the defendant in error, *John I. B. Reiley* and *J. G. Shipman & Son.*

The opinion of the court was delivered by

VAN SYCKEL, J. Hagerty, the plaintiff in error, being the owner in fee of a tract of land in the town of Phillipsburg, fronting fifty feet on Main street and having a depth of two hundred and twenty feet, conveyed part thereof (twenty-five feet front by two hundred and twenty feet deep) to one Christopher S. Winter in fee by deed dated July 10th, 1884.

This deed contained the following reservation : " The party of the first part reserving the right to the free use of light and air over said tract above described, and in case he should build on the common line between the parties he reserves the right to put windows in the said building overlooking the tract above described. It being agreed between the parties hereto, that in case either party builds on the common line for a distance of twenty-four feet, more or less, from the south edge of Main street, the line is to be in the middle of the foundation wall, the thickness of the wall to be at the option of the parties hereto; and that the expense of the wall and partition to the roof of the building shall be equally borne share and share alike by each. The party of the first part further reserving the right to continue the wall in the same way and manner as last above mentioned, but the erection thereof to be at their own expense, with the further right to use the whole wall."

Winter entered into possession under his deed and erected a frame dwelling-house upon the premises so conveyed to him. His main building extended twenty-four feet south from Main street, then receded six feet from the line of Hagerty and extended twenty-four feet further south.

After Winter had his house enclosed, Hagerty built upon his lot. His house joined Winter's house for twenty-four feet, beginning in Main street and extended back on the line between their lots for sixty feet or more. Fifteen windows were

put in the westerly side of Hagerty's house, facing the lot of
Winter.

In June, 1886, Winter conveyed his said lot to John Lee,
the defendant in error, in which deed is the following clause :
"It is expressly agreed by and between the parties hereto that
the said party of the first part conveys these premises subject
to the same reservation and limitation in regard to windows
as is recited in said deed above referred to made by said
Hagerty to said Winter, and also it is agreed that the same
conditions and agreement regarding the trenches and founda-
tion walls and partition walls as recited in said deed shall be
binding upon the parties hereto and the conditions and cove-
nants in the said deed made by the said Hagerty to the said
Winter above referred to in regard to windows, foundation
walls, trenches and partitions or other walls are to be binding
upon the parties hereto the same as if the said conditions and
covenants were herein set forth in the same words as contained
in said deed."

After Lee purchased the Winter's lot he erected a frame
structure, which filled up the areaway between the two build-
ings, shutting out the light and air from that part of the
building of Hagerty which is more than twenty-four feet from
Main street.

In January, 1888, Hagerty, standing on his own lot,
knocked down so much of Lee's new structure as obstructed
the passage of light and air to his own building. Thereupon
Lee instituted this suit to recover his damages.

The trial judge in the court below held that the reservation
in the deed to Winter, above recited, is limited in its scope,
"that it has the effect to forbid the stopping up (so as to pre-
vent the access of light and air) such windows as Hagerty or
his grantee may choose to construct at all times, except when
Lee or his grantee desires to build upon his property; such
windows cannot be shaded by erections for the purpose of
closing the outlook into the property of Lee, but the right to
build upon the servient tenement is unlimited."

Judgment was rendered for Lee, which judgment Hagerty now seeks to have reversed, upon the ground that the said reservation was not correctly interpreted.

The right to light and air passing over land is an easement, whether acquired by prescription or otherwise. *Godd. Easem.* 33.

A way reserved, as the word is used in a popular sense, is strictly an easement newly created by way of grant from the grantee in the deed of the estate to the grantor. *Washb. Easem.* 20; *Durham and Sund. Rd.* v. *Walker*, 2 *Q. B.* 940; *Wickham* v. *Walker*, 7 *Mees. & W.* 75; *Dyer* v. *Sanford*, 9 *Metc.* 395.

In the case last cited Chief Justice Shaw says: "There is no doubt that by apt words, even in a deed poll, a grantor may acquire some right in the estate of the grantee. It is not, however, strictly by way of reservation, but by way of condition or implied covenant, even though the term 'reserving' or 'reservation' is used."

The court adhered to this ruling in the subsequent case of *Bowen* v. *Conner*, 6 *Cush.* 132, declaring that "it is immaterial whether the easement for the way intended to be established is technically considered as founded on an exception, a reservation or an implied grant."

Vice Chancellor Van Fleet, in *Coudert* v. *Sayre*, 1 *Dick. Ch. Rep.* 386, expresses his view of the rule as follows: "When by the construction of a grant it appears that it was the intention of the parties to create or reserve a right, in the nature of a servitude, in the land granted, for the benefit of other land owned by the grantor, no matter in what form such intention may be expressed, such right, if not against public policy, will be held to be appurtenant to the land of the grantor, and binding on that conveyed to the grantee, and the right and burthen thus created and imposed will pass, with the lands, to all subsequent grantees."

The tendency of the adjudications on this subject is properly to disregard technical distinction between reservation and ex-

ception, and construe the language used so as to effectuate the intention of the parties.

A covenant or stipulation inserted in a deed poll binds the grantee, his heirs and assigns, where such stipulation relates to the premises conveyed.    The easement in such case may be acquired by a clause of reservation.    *Finley* v. *Simpson*, 2 *Zab.* 311; *Cooper* v. *Louanstein*, 10 *Stew. Eq.* 284; *Newhoff* v. *Mayo*, 3 *Dick. Ch. Rep.* 619; *Rosenkrans* v. *Snover*, 4 *C. E. Gr.* 420.

And the grantee in a deed and those claiming under him cannot deny the binding authority of a reservation in a deed. *Sheppard* v. *Hunt*, 3 *Gr. Ch.* 277; *Fitzgerald* v. *Faunce*, 17 *Vroom* 536, 598.

It must, therefore, be held that whatever servitude was imposed upon the lot of Winter by the deed which Hagerty executed to him continued to burden it after it was conveyed by Winter to Lee.

The case, therefore, turns upon the construction of the deed to Winter.

In my judgment, the effect of this reservation in Hagerty's deed to Winter was, that Hagerty, for the benefit of his lot, was to have the use of light and air over the lot of Winter, except as to the twenty-four feet in depth commencing at Main street.    On the line between the parties for that twenty-four feet a party wall was to be erected and used by both parties, the expense of such wall to the roof of the building to be equally borne by each. · But beyond the twenty-four feet in depth Hagerty had the right to continue the wall along the line in the same way at his own expense, with the right to use the whole of such extended wall, and to put windows in it overlooking the Winter lot.

This was equivalent to the grant of an easement of light and air to the Hagerty lot upon the terms stated.    The reservation contains no limitation of the time during which Hagerty shall enjoy the use of the windows in the wall for light and air, and, therefore, he could not be excluded from their use.

Winter and his grantee, Lee, were bound to use their lot in such a way as to let light and air pass in a reasonable way to that part of the building of Hagerty which Lee attempted to obstruct.

Therefore, Hagerty, in demolishing the erection which blocked his windows, was not a trespasser.

The construction upon which the judgment below rests gives no substantial force to the reservation, and is opposed to the language of the conveyance, reasonably read.

Whether the same rule of construction applies to a reservation or an implied grant as to an express grant, thereby making it necessary to use the word " heirs " to create a fee, is a controverted question.

In *Ashcroft* v. *Eastern R. R. Co.*, 126 *Mass.* 196, and in *Kister* v. *Reeser*, 98 *Penna. St.* 1, the words of inheritance were considered essential.

The contrary view has been adopted by the Supreme Court of Maine. In *Winthrop* v. *Fairbanks*, 41 *Me.* 307, it was held that when a reservation is construed to be an exception, no words of inheritance are necessary in order that the rights reserved or excepted may go to the heirs or assigns of the grantor. In that case a right of way reserved over the premises conveyed was treated as an exception, and words of inheritance were not required to enable the grantor to transmit his right to the easement.

To the same effect is the case of *Randall* v. *Randall*, 59 *Me.* 338.

In *Randall* v. *Latham*, 36 *Conn.* 48, the deed reserved and excepted a right of way and the privilege of drawing water from the granted premises for the accommodation of the grantor. The point was made that the stipulations constituted a bare license to the grantor himself while he owned his premises. The Connecticut court refused to accede to this view, and declared that the rights reserved were permanent rights for the benefit of the principal estate whoever may be the owner; that they were manifestly designed to be appurtenant to the grantor's estate and to constitute part of it.

This decision was adhered to in a very recent well-considered case holding that the common law rule requiring the word "heirs" in the creation of an estate of inheritance by deed is inapplicable in creating a permanent easement by way of a reservation or exception. *Chappell* v. *New York, N. H. & H. R. R. Co.*, 24 *Atl. Rep.* 997.

It is, however, not necessary to pass upon this question, as a life estate in Hagerty will support his defence to this action.

In my opinion, the judgment below should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DEPUE, DIXON, GARRISON, MAGIE, REED, VAN SYCKEL, WERTS, BOGERT, BROWN, SMITH, WHITAKER. 12.