### STATE *v.* INTOXICATING LIQUOR, JOHN JABBOUR, Keeper.

January Term, 1898.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed September 13, 1899.

*Intoxicating liquor.—Rights of person apprehended as owner or keeper*—One apprehended and brought before a magistrate under V. S. 4490, is entitled, without filing a claim or giving security, to cross-examine and produce witnesses, and to be heard, by himself and counsel, as to any fact bearing upon his liability for costs.

SEIZURE of intoxicating liquor under statutory warrant. John Jabbour was apprehended and brought before the court as owner and keeper. City Court of Barre, November 4, 1898, *Barney*, J. Judgment condemning the liquor seized and holding Jabbour for the costs of the proceedings. Jabbour excepted.

On hearing Jabbour claimed the right, and offered, to cross-examine the witnesses for the State as to the place where the seizure was made, in respect to its character as a place of public resort, as to the particulars of the search of such place, as to the purpose for which the liquor was kept, and as to the ownership of the liquor. He also offered evidence in his own behalf to prove that he was not the owner, keeper or possessor of the liquor seized. On the evidence introduced by the State he offered and asked permission to argue that he was not the owner, keeper or possessor of the liquor seized and could not be held for costs.

The court ruled against each claim, offer and request of Jabbour above set forth, holding that he could have no standing in court without making a written claim and entering into a recognizance for costs.

*Alland G. Fay* for the State.

*Richard A. Hoar* for Jabbour.

MUNSON, J. One apprehended and brought before a magistrate under V. S. 4490, is entitled, without filing any claim in writing or giving any security, to cross-examine the witnesses produced by the State, and to be heard by himself, witnesses and counsel, as to any fact that would relieve him from the costs therein provided for.

*Exceptions sustained, judgment against Jabbour reversed, and cause remanded.*