————o————

## No. 6031.

## ALBERT LE DUFF vs. A. S. DEMORUELLE.

## Syllabus.

Every exception which is actually filed by counsel, though it may not be signed by him, must be certified by him, as required by Act 157 of 1912. Unless accompanied by such certificate no exception shall have any effect or prevent the taking of a default.

While the Court has discretion to permit the "verification" of an exception involving matters of fact, it has none as to its "certificate."

It is only parties who are interested that the judgment should remain undisturbed who must be made parties to the appeal; or in other words parties who would be injuriously affected by a reversal of the judgment.

Recording of a sworn statement in the Mortgage Office and filing the same with the owner are conditions precedent to the

— 174 —

right of recovery against the owner or against the surety on the building contract. Previous decisions affirmed.

Materialmen and others have no privilege upon the building unless they have a claim against the owner.

The tendency of the Courts is to brush away technicalities in order to reach the merits of the case. When pleadings are defective and not broad enough to admit evidence or to authorize judgment, amendments will be permitted in furtherance of justice.

A cause will be remanded when justice will be thereby subserved.

Appeal from the Civil District Court for the Parish of Orleans, Division "E", No. 104,140, Hon. G. H. Theard, Judge.

Sol Weiss, for plaintiff and appellee.

Grant & Grant, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff filed suit against A. S. Demoruelle and the National Surety Company for $283.20. He alleged that Hood & Co., contractors, had made a contract with Jurglewicz, owner, to erect certain buildings at a cost exceeding $1000.00, which contract was recorded in Book 1049 p. 654;

That the National Surety Company was the surety of said contractor for the payment of all subcontractors, workmen and furnishers of materials;

That petitioner is a painter by trade, and he was engaged by A. S. Demoruelle to do painting on said buildings and to engage and pay other painters on same buildings; that the amount due him by Demoruelle is $283.20;

That on January 16th, 1913, the buildings were accepted by the owner and by the architect.

That on March 1st, 1913, being within 45 days after the acceptance of the buildings, petitioner recorded a lien against the buildings for the amount due him, and notified the National Surety Company. He prayed for judgment against Demoruelle, Hood, and the Surety Co., with recognition of his privilege.

To this petition the National Surety Company caused to be filed the following exception, viz:

> "Now into Court comes the National Surety Company of New York, made defendants herein, and excepts to the plaintiff's petition on the ground that plaintiff's attorney herein is also attorney for defendants John W. Hood & Company and the National Surety Company, present exceptor, in the same matter out of which the instant transaction is alleged to have grown, as will be shown by the record in the case of Watson Mfg. Co. vs. John W. Hood & Co., No. 102,906, now pending in Division "B," of this Honorable Court, and present plaintiff has no standing to appear in Court through the attorney of defendants in the same transaction. Wherefore defendant prays that this its exception be maintained and plaintiff's suit dismissed; and defendant prays for all general relief."

> (Signed)  **National Surety Company,**
>
> By Tourtarel & Faning,
> General Agents.

The exception was actually prepared and filed by Wm. B. Grant, their Attorney, although not signed by him. Because said exception was not "certified" under the Practice Act 1912, it was disregarded by the lower

— 176 —

Court and considered as not filed; default was entered April 22nd, and confirmed May 8th, and judgment rendered against Demoruelle and the Surety Company, as prayed for, and signed May 14th, 1913.

From this judgment the Surety Company took the present appeal.

On June 30th, 1913, the National Surety Company filed a petition in the District Court in which it alleged that the judgment by default rendered against it and signed on May 14th, 1913, was null for the reason that at the time it was rendered there was an exception filed by it, which had been disposed of without notice of trial to it, and without trial contradictorily with it, and without notice of any order overruling said exception, and that the first notice of the judgment against it was received on June 7th, after the delays for a suspensive appeal had elapsed, and it prayed that said judgment be annulled, and that plaintiff Le Duff be forever enjoined from executing the same. Le Duff admitted that the exception had been disposed of ex parte and without notice to the Surety Company, but maintained the validity of the judgment.

There was judgment rejecting the petition of the Surety Company for the nullity of the judgment for an injunction, with damages.

From this judgment the Company has appealed.

The judge in his reasons for judgment says he "disregarded it (the exception) because it contained no affidavit of the facts therein averred, and was not certified" as having been "filed in good faith, and not merely for the purpose of delay," quoting Act 157 of 1912, and the Court held that inasmuch as the exception had been actually prepared and filed by counsel that he was

bound to enforce the Statute. We shall consider this last judgment first.

It must be conceded that if the exception was properly before the Court, it was error to disregard it without notice to the exceptor, and that the judgment by default was illegal, 8 N. S. 118-18 A 629-26 A 730—

However, paragraph 6 of Act 157 of 1912 p. 225 (228) provides:

"Sixth; Every exception which may be filed in advance of the filing of an answer shall be accompanied by a certificate of the counsel filing the same to the effect that it is filed in good faith and not merely for the purpose of delay; and in the case of every such exception involving matters of fact, the same must also be verified as to such matters of fact in the manner and form hereinabove prescribed for the verification of petition and answers. Unless accompanied by the certificate of counsel aforesaid no such exception shall have any effect as a defense or to prevent the taking in regular course of a judgment by default; and in the case of exceptions involving matters of fact, unless same be verified as above provided they shall be overruled as a matter of course; provided that in such case the Court may, in its discretion allow the verification to be supplied or amended upon such terms as to the payment of costs, or otherwise, as it may deem proper."

It will be seen that unless an exception is "certified" by counsel filing same, that it will not "prevent the taking of a judgment by default." Inasmuch as the exception in this case was actually filed by Wm. B. Grant, counsel for defendant, we are of the opinion that not only the letter and spirit of the law were followed by

the Judge below in disregarding it, but that it was his duty so to do. It must be noted that while the trial Judge has a discretion in allowing an exception to be "verified" as to matter of fact herein contained, he has none to allow it to be "certified."

The second branch of the case involving the correctness of the judgment in favor of Le Duff and against the Surety Company presents other issues.

Le Duff makes a motion to dismiss this appeal for the reason that "all the parties interested in this cause" have not been made parties to the suit.

The rule of law is that all parties interested that the judgment should remain undisturbed must be made parties to the appeal. 1 H. D. 63 No. 7, 11 A., 486-606, L. D. p. 43, No. 1

In other words, all parties who would be injuriously affected by its reversal should be made parties. Whether the judgment against the Surety Company is affirmed or reversed, Demourelle's condition under the judgment would not be affected because under no circumstances would either have recourse against the other.

Therefore he is not a necessary party to the appeal. 13 A., 313; 6 R., 399; 23 A., 260; 25 A., 319; 26 A., 552. Sheriff who is a mere nominal party need not be made a party to the appeal   L. D., p. 42, No. 1; 40 A., 277.

As John W. Hood & Co. were not cited as defendants they are not necessary parties. 114 La., 419.

Upon the merits of the case it appears that plaintiff did not allege and did not prove that he had served a sworn statement upon the owner as required by C. C. 2772 (2743), and paragraph 3 of Section 1 of Act 134 of

1906, p. 223 (224), and Act 167 of 1912, p. 302, which provides as follows:

> "Every person having a claim against the undertaker shall after the date of the completion of said work by, or the date of default of, the undertaker, file a sworn statement thereof with the owner, etc."

This Court decided on March 18th, 1912, that:

> "Filing of a sworn statement in the mortgage office and service of an attested account upon the owner, are conditions precedent to the right to recover from the surety on a building contract or from the owner."

> **Edwards Lumber Co. vs. Mason, No. 5523, affirming. North Birmingham Fire Co., vs. Carey, No. 5387; 8 Court of Appeal, 392, and Carre Co. vs. Kiern, No. 5202; 8 Court of Appeal, 418.**

Materialmen have no privilege upon the building unless they have a claim against the owner. **8 Court of Appeal, 418,** and authorities.

In La. **Glass vs. Irwin, 126 La., 555,** the Supreme Court said, p. 558:

> "It is very clear, in the case of an insufficient or insolvent surety, that a person who has failed to file a sworn statement of his claim with the owner, and to duly record the same, within the delay of 45 days, has no right of action on the bond, etc."

In opposition to these decisions plaintiff refers us to several cases.

The 52 A., 1581 was an intrepretation of Act 180 of 1894.

"The act of 1906 differs in several material respects from Act No. 180 of 1894 as amended by Act 123 of 1896."
**La. Glass vs. Irwin, 126 La., 559.**

So was the case in **105 La., 336.** The cases in **109 La. 897** and **62 So. Rep., 218**, have no application.

We see no reason to change our previous opinions. But we will not for that reason dismiss plaintiff's suit. The tendency of our Courts is to brush away technicalities in order to reach the merits of a case. When pleadings are defective and not broad enough to admit evidence or to authorize judgment, amendments will be permitted in furtherance of justice, 47 A., 107-109; 117 La., 320; 123 La., 887; 2 Court of Appeal, 389.

A cause will be remanded when justice will be thereby subserved, C. P. 906, 123 La. 515, 125 La., 779; 49 A. 1345; 40 A 609; 50 A 542; 104 La. 114; 52 A 1146.

It is therefore ordered, adjudged, and decreed that the judgment of the lower Court herein rendered on May 8th, 1913, in favor of Albert Le Duff and against the National Surety Company, be annulled, avoided and reversed, and that this cause be remanded to the District Court and reinstated upon its docket to be further proceeded with according to law, with the right to the plaintiff herein to amend his petition so as to make his cause of action against the Surety Company more specific so as to comply with the requirements of this opinion, and reserving to the defendant the right to file such exceptions and answer to the original and supplemental petitions as the nature of the case will demand and the law allow, the plaintiff to pay the costs of appeal on

this branch of the case and the costs of the lower Court to await the termination of the suit.

It is further ordered that the judgment of the lower Court herein rendered on December 3rd, 1913, in favor of Albert Le Duff and against the National Surety Company dissolving the injunction against the execution of the judgment hereinabove firstly mentioned be affirmed at the cost of said National Surety Company in this Court and in the Court below.

The first judgment is reversed and the case remanded, and the second judgment is affirmed.

Opinion and decree, February 25th, 1914.