**SMITH et ux. v. MONROE GROCERY CO. et al.***

**JAMES et ux. v. SAME.***

**Nos. 5314, 5315.**

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

*Rehearing denied Feb. 5, 1937.

Theus, Grisham, Davis & Leigh, of Monroe, for appellants.

Charles B. Emery and Harry V. Booth, both of Shreveport, for appellees.

HAMITER, Judge.

A school bus transporting some 25 CCC enrollees was proceeding on the Dixie-Overland Highway between Monroe and Ruston in this state, about 9:30 on the night of August 30, 1935, and collided with a truck belonging to defendant Monroe Grocery Company, Limited. In this collision, Melvin Lee Smith and Oscar James were killed. Both of them were occupants of the bus and enjoyed the ages of 18 years.

As a result of said deaths, these suits were brought by the respective mothers and fathers of the deceased young men against the Monroe Grocery Company, Limited, and its insurer, the Trinity Universal Insurance Company. The petitioners alleged numerous acts of negligence on the part of the truck owner and its employee.

According to the court minutes, defendants filed exceptions to the jurisdiction ratione personæ in both suits. Amended petitions were thereafter tendered and allowed, and such exceptions were overruled. Exceptions of no cause or right of action were then directed to the petitions. These pleadings were general in nature and did not point out or refer to any particular alleged defects of the petitions. They were submitted without argument and overruled.

Defendants in their joint answers, after reserving their rights under the previously filed exceptions, admitted the deaths of Smith and James, but denied responsibility therefor.

By agreement of counsel, the cases were consolidated, and a trial was then had on the merits. At the commencement of the trial the following objection was offered and overruled:

"Defendants object to the introduction of any testimony whatever in either of these consolidated cases on the ground and for the reason that plaintiffs' petitions, nor either of them, disclose a cause or right of action against your defendants."

From judgments in favor of the respective plaintiffs in both cases, defendants prosecuted suspensive and devolutive appeals.

In the brief of defendants' counsel in this court, it is contended that the exceptions of no cause or right of action filed in both cases should have been sustained by the trial court and the suits dismissed, for the reason that the plaintiffs failed to allege and prove that their deceased children were not survived by wives or children.

On learning of that contention, all plaintiffs, through their attorneys, moved that the cases be remanded to the trial court with instructions to permit them to aver that decedents were not survived by wives or children, and to adduce proof in support thereof. These motions allege:

"That the exception of no cause or right of action urged and relied on in this Court by appellants was originally filed in the trial court, without in any manner pointing out at what it was levelled; no argument, either orally or in brief, was made in support of it and the court led to believe that it was filed pro forma and impliedly requested that it be overruled pro forma, as is more fully evidenced by the attached affidavit of the Honorable E. L. Walker, Judge of the Third Judicial District Court, Lincoln Parish, Louisiana, which affidavit is made a part hereof."

The attached certificate of Judge Walker, above referred to, reads:

"Ruston, Louisiana,
"November 3rd, 1936.

"I, E. L. Walker, Judge of the Third Judicial District Court, Lincoln Parish, Louisiana, do hereby certify that the exceptions of no cause or right of action filed by defendants in suits No. 10,340 and 10,341 on the Docket of said Third Judicial District Court, said suits being entitled Andrew R. Smith et ux v. Monroe Grocer Company et al, and William E. James, et ux v. Monroe Grocer Company et al, respectively, were filed by counsel for defendants in Open Court, and the Court given to understand, by implication, that they were filed pro forma and would not be insisted upon.

"Further certify that when said exceptions were called for trial counsel for defendants stated in Open Court they desired to make no argument in support thereof, did not point out at what said exceptions were levelled, filed no brief in support thereof, and the Court by implication invited to overrule said exceptions pro forma.

"Further certify that said exceptions were not relied on or argued by defendants in their brief submitted on the merits of the cases.

"Further certify that if the minute entries in said cases show that said exceptions were tried, argued and submitted, said minute entries contain error to the extent that said exceptions were not tried or argued. That submission of them were for the purpose of overruling them pro forma."

Plaintiffs' motions to remand the cases were opposed by defendants for the following reasons:

1. That the cases are before this court without complaint on the part of plaintiffs of any rulings made by the trial court, and there is therefore no legal ground for remanding them.

2. That whatever rights or causes of action plaintiffs may have had for the deaths of their sons are perempted, more than one year having elapsed from the date of such deaths, and plaintiffs cannot now be permitted to allege and prove causes and rights of action in themselves not heretofore alleged.

Plaintiffs' rights to recover for the deaths of their sons are statutory, and spring from the provisions of article 2315 of the Louisiana Civil Code.

■ The jurisprudence of this state uniformly holds that for the mother and father to recover for the death of a child under the above-mentioned article, they must allege and prove that such decedent was not survived by a spouse or child. In other words, a petition must negative the existence of a surviving wife and children, and there must be proof in substantiation thereof, for the more distant relatives to recover. Blackburn v. Louisiana R. & N. Co., 128 La. 319, 327, 54 So. 865; Register and Wife v. Harrell, 131 La. 983, 60 So. 638; Horrell v. Gulf & Valley Cotton Oil Co., 15 La.App. 603, 131 So. 709.

■ This well-established principle of law is fully recognized and appreciated by plaintiffs' counsel, as is evidenced by the filing of the motion to remand. The failure to make the necessary negative averments was, according to the language of such motion, the result of counsel's oversight or inadvertency. It is reasonable to presume that had the exceptions of no cause or right of action particularized regarding the objections to the petitions, or had they even been urged and argued in the trial court, plaintiffs' counsel would have then become cognizant of their oversight and supplied the necessary allegations and proof. Although our laws do not prevent the filing of a blanket exception of no cause or right of action, the courts of this state have on several occasions frowned on such practice. The Supreme Court, in Davis v. Arkansas Southern Ry. Co., 117 La. 320, 41 So. 587, 588, said:

"The exception of no cause of action in which no specific objections to the petition are set up, and which remits the plaintiff to an ascertainment of what they may be to the trial of the exception, is calculated to work injury, and in many jurisdictions the defendant is required by express statutes to specify in detail what the objections are so as to enable plaintiff an opportunity to recove the same."

Unless defendants' second objection, regarding the peremption of the claims, is meritorious, we are of the opinion that plaintiffs should be permitted, in the interest of justice and by reason of the circumstances of these cases, to supply the omitted allegations and proof. The courts are liberal in allowing amendments to prevent a miscarriage of justice. Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715, 716.

In the case of Stearns v. Love Drilling Co. Inc., 5 La.App. 174, decided by this

court with Mr. Justice Odom, now of the Supreme Court, writing the opinion, plaintiff alleged that her son was killed while working for the defendant, and that she was partially dependent on him for support. She did not make the required allegation, however, that he left no widow or children. In limine, defendant filed an exception of no cause or right of action. When the trial of the case began, defendant objected to all evidence on the ground that the petition stated no cause or right of action. This objection was overruled. No amendment of the petition was requested in the district court by plaintiff's counsel. There was judgment for defendant. In this court, defendant urged the exception of no right or cause of action. A motion to amend the petition was then filed by counsel for plaintiff. Although we were of the opinion that the exception was well founded and should have been sustained by the district court, we held that plaintiff was entitled to amend the petition. The case was ordered remanded for that purpose.

The Orleans Circuit of this court, in Petty v. Jones, 10 La.App. 409, 121 So. 372, 376, remanded that case on its own motion, so that a petition defective for insufficient allegations might be amended. This action was justified on the ground that, "since the modern tendency is to cut through technicalities and to avoid unnecessary delays and expenses, that, rather than sustain an exception of no cause of action in a case of this kind, the ends of justice would be better served by remanding the case, so that, if the facts justify it, new allegations may be made."

The Supreme Court remanded the case of Scruggs v. Endom, 123 La. 887, 49 So. 630, in the interest of justice, for the purpose of permitting an amendment to the petition. The petition therein disclosed a cause of action, but it was one that was improperly and defectively stated.

▆ Under defendants' second objection to the remanding of the cases, they state:

"Whatever rights or causes of action that plaintiffs may have had for the deaths of their sons are now perempted. Plaintiffs had a conditional right to bring suit for the deaths of their sons for a period of one year from the date of the deaths of their said sons, to-wit, August 30, 1935, and this is now November 4, 1936, more than one year having elapsed."

This objection is founded on the provisions of Civil Code, art. 2315, that the right of action therein provided survives for the space of one year from the death. In this connection defense counsel cite numerous cases decided by this court and by the Supreme Court wherein the distinction between prescription, properly speaking, and peremption was pointed out, and in which it was held that a delay of the kind provided for in the above-mentioned article is not one of prescription, subject to interruption, but is one of peremption, and that a lapse of that period operates to extinguish the right of action. Ashbey v. Ashbey et al., 41 La.Ann. 102, 5 So. 539; Guillory v. Avoyelles Ry. Co., 104 La. 11, 15, 28 So. 899; Goodwin v. Bodcaw Lumber Co., 109 La. 1050, 1066, 34 So. 74; Matthews v. Kansas City Southern R. Co., 10 La.App. 382, 120 So. 907; Brister v. Wray-Dickinson Co., Inc. (La.App.) 159 So. 430; Brister v. Wray Dickinson Co., Inc., 183 La. 562, 164 So. 415.

This court had occasion, in the case of Myers v. Gulf Public Service Corporation, 15 La.App. 589, 132 So. 416, 420, to deal with a question almost identical with the one presently under discussion. That case involved an action under article 2315 of the Civil Code by a mother for the death of her son. During the trial of the merits, and more than one year after the son's death, plaintiff offered an amended petition to provide the omitted and necessary allegation that the decedent left no surviving spouse or minor children. An objection to the allowance of the amendment was made by defendant for the reason that it came too late, changed the issues, and was barred by the peremption of one year. The filing of the amended petition was permitted by the trial judge. On appeal, we held that his ruling in that respect was proper. The case of Lanis v. Illinois Central R. Co., 140 La. 1, 72 So. 788, is cited in the opinion of the case in support of our holding.

In the Lanis Case, plaintiff's husband was killed while working for defendant company, and she brought suit for compensation, in her individual capacity, under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59. Under that statute recovery was allowed only to the personal representative of the decedent, and it was required that the action should be commenced within two years from the day the cause of action accrued. Her original pe-

tition, filed within the two-year period, was excepted to by defendant as stating no right of action in plaintiff's individual capacity. This exception was sustained. Thereafter, and after the expiration of the two-year period, she was permitted to qualify as administratrix and to file an amended petition through which she appeared in the new and different capacity of personal representative of the decedent. A plea of prescription of two years was then filed by defendant and was overruled. The court held that the amending of the petition, under the circumstances, was not the bringing of a new suit.

In the opinion of the Myers Case, supra, we said, while referring to the Lanis Case:

"If the plea of prescription was overruled in that case, it certainly should be overruled in the present case, for there has been no change of the status or capacity of Mrs. Myers, the plaintiff herein. The amendment simply alleges what was already true, that is, that the decedent left no surviving spouse or children, whereas in the Lanis v. Illinois Central Ry. Co. Case the plaintiff was permitted to change her status or capacity and then to amend her petition accordingly after the prescriptive period."

The opinion written by Mr. Justice Higgins, now of the Supreme Court, in the case of Wheeler v. Rodriguez, supra, is enlightening. Therein it is stated:

"The federal courts have been liberal in permitting the plaintiff to amend a petition to state a cause of action in order to prevent a miscarriage of justice. In the case of Quaker City Cab Co. v. Fixter (C.C. A.) 4 F.(2d) 327, 328, it appears that the plaintiff, claiming damages for the death of her husband, filed suit as administratrix of his succession, and not personally as surviving widow. During the argument for a new trial, the attention of the court was called to the fact that the plaintiff had no right of action as administratrix of her husband's succession, but only individually as widow. The court thereupon allowed her to amend, and allege that she was prosecuting the suit as widow, and not as administratrix. On this point the court said:

" 'The cause was removed to the United States District Court for the Eastern District of Pennsylvania. It was not discovered by any one—at least, attention was not called to it—that she had wrongly entitled her cause of action until May, 1924, when a motion for a new trial was argued. It was then raised for the first time by counsel for defendant. More than one year had elapsed since the deceased died, and the statute of limitations prevented a new action from being instituted.

" 'The trial judge permitted plaintiff to amend by striking out, etc. Defendant contends that this in substance constituted a new action, and was error. * * * We think that the amendment was one of form, and not of substance, and in such case an amendment may be made under sections 948 and 954 of the Revised Statutes of the United States (Comp.St. §§ 1580, 1591 [28 U.S.C.A. §§ 767, 777]). Federal Courts are very liberal in allowing amendments, to prevent a miscarriage of justice. McDonald v. State of Nebraska, 101 F. 171, 41 C.C.A. 278; Murphy v. Stewart, 43 U. S.(2 How.) 263, 281, 11 L.Ed. 261; Reardon v. Balaklala Copper Co. (C.C.) 193 F. 189.

" 'The facts in the case of Van Doren v. Pennsylvania Railroad Company, 93 F. 260, 35 C.C.A. 282, were practically identical with those in the case at bar. Suit was here brought as administratrix, and not as widow. Plaintiff sought to amend by substituting "widow" for "administratrix." This court, with reference to the allowance of the amendment, said: "Substantial justice requires that such an amendment should be allowed, as a second suit for damages for the death of Henry Van Doren would be barred by the one year limitation in the Pennsylvania statute." ' "

In our opinion, the amending of the petitions in these cases will not be equivalent to the bringing of new actions so as to render applicable the one-year peremptive period stipulated in Civil Code, art. 2315. No change whatsoever will be made in the substance of plaintiffs' demands. No new and different causes of action are to be set forth. The amendments will provide changes only as to form; that is, they will affirmatively aver the rights of action which existed in the plaintiffs when they brought the suits.

Other than enunciating the well-settled doctrine that the delay provided in said article 2315 is one of peremption, and not subject to interruption as in the case of prescription, properly speaking, the cases cited and relied on by defendants have no bearing on the question presently before us. The cases at bar are presented under

172

different circumstances, as we have hereinabove shown.

As neither the petitions nor the evidence in these cases discloses rights of action in plaintiffs, the judgments must be set aside. However, for the reasons above given, it is our opinion that the cases should be remanded for the purpose of allowing the remedying of such defects.

It is therefore ordered, adjudged, and decreed that the judgments be set aside, and that the cases be remanded to the trial court for further proceedings not inconsistent with this opinion, leave being granted to plaintiffs to amend their pleadings and to adduce evidence thereunder.

The costs of these appeals shall be paid by plaintiffs. All other costs shall abide the final determination of the causes.