AYRES, Judge.
In this petitory action three groups of claimants assert title to a described 20-acre tract of land situated in Ouachita Parish. Plaintiffs, as the heirs of James Smith, claim title under a tax deed of July 15, 1914, to their father. The Burks group, consisting of Eddie Burks and his wife, Bessie Burks, claim an undivided interest in the property by virtue of five quitclaim deeds wherein each of the vendors sold to Eddie Burks and his wife, Bessie, all of his right, title, and interest in the tract. The Burkses also urge pleas of 10 and 30 years’ prescription acquirendi causa. The third claimant, W. A. Mills, made no delineation of title other than pleading the acquisitive prescription of 10 and 30 years. It is noted, however, that plaintiffs allege Mills was claiming title to the interest of Maggie Green through a sheriff’s deed of May 24, 1921. This allegation was admitted by Mills.
Plaintiffs’ demands were rejected and defendant Mills was decreed the owner of the property. From this judgment, the defendants Eddie and Bessie Burks appealed.
The judgment rejecting plaintiffs’ demands is eminently correct. The property had been redeemed from the tax sale under which they claimed prior to the institution of this suit. The judgment, moreover, is final as to them since they did not appeal.
The Burks defendants assigned as errors the action of the trial court in (1) admitting and considering evidence offered by Mills to establish title in view of his answer wherein he merely denied plaintiffs were owners of the property and prayed for rejection of their demands, (2) holding that Mills sustained his pleas of prescription, and (3) holding defendants Eddie and Bessie Burks failed to establish title by 30 years’ prescription.
In support of his claim to title, Mills not only offered the sheriff’s deed dated May 24, 1921, purporting to convey to him all the right, title, and interest of Maggie Green in the property, but also a deed from Mary Green dated November 9, 1928, wherein she purportedly sold to Mills an undivided interest in the property. In addition, Mills offered in evidence a deed from “Lettie Anderson, widow of Simon Anderson, deceased, Adolphus Anderson and Jane Cook, a widow,” dated January 29, 1945, purporting to convey to Mills, among other property not herein concerned, lands allegedly bought from A. F. Parker described as “20 acres in SW J4 of NE Section 8, Township 17 north, Range 1 east.”
It may be here noted that the 20 acres, title to which is herein involved, is described as the “S i/i of SW V4 of NE i/A” of the aforesaid section, township, and range, but no proof was made as to what property was acquired from Parker nor as to what particular 20 acres was intended to be conveyed by the deed.
Predicated upon the deeds dated May 24, 1921 and November 9, 1928, the trial *921 court recognized Mills’ title to the property by 10 years’ acquisitive prescription under LSA-C.C. Art. 3478. Just as the others •offered in evidence by Mills, these deeds •were introduced over the objections of ■plaintiffs and the Burks defendants that the offerings were inadmissible under the pleadings. As already noted, Mills, himself, •alleged no basis for his title to the property other than that of prescription.
Pleadings, whether by petition, answer, or ■exception, are required to set forth all allegations of fact in simple, concise, and •direct language. LSA-C.C.P. Art. 854. Another requirement is that an answer shall ■set forth all affirmative defenses. LSA-C.C.P. Art. 1005. Where evidence is objected to on the ground that it is not within ■the issues made by the pleadings, the pleadings may be amended to conform thereto. LSA-C.C.P. Art. 1154. However, in a •comment wherein it is recognized that this State retains the system of fact pleading, the observation was made that “it is still necessary to plead in the answer all of the ■material facts on which all affirmative defenses are based.”
Notwithstanding the objections •made, Mills suggested no amendments to •his answer. Under these circumstances the •offerings were amenable to the objections. There is, therefore, no basis for a just title under which Mills could assert •a plea of 10 years’ acquisitive prescription.
Nor does the evidence warrant a finding of actual possession in Mills upon ■which title by prescription could be main'tained. The evidence establishes only that Mills sold timber on a larger tract of land which included the 20 acres in question. 'He, however, was unable to testify that any timber had been cut and removed from this particular tract by virtue of that sale.
Nor does the mere payment of taxes •evidence the requisite possession of property to support a plea of acquisitive prescription. Jacobs v. Southern Advance Bag & Paper Company, 228 La. 462, 82 So.2d 765 (1955); Buras v. United Gas Pipe Line Company (La.App.) 127 So.2d 271 (4th Cir. 1961-certiorari denied).
We are therefore constrained to hold that the judgment recognizing title in Mills was erroneous under the pleadings and evidence.
With reference to the claim of ownership made by Eddie and Bessie Burks, it may be pointed out that, as reflected by the pleadings and the evidence, they claim only an undivided interest in the property. The size of the fractional interest claimed is neither alleged nor established. Pre-termitting any discussion of the sufficiency of the evidence to establish the Burks defendants’ possession as regards their pleas of prescription acquirendi causa, concerning which we express no opinion, we find the evidence inadequate to support a judgment recognizing title in them of any particular or definite interest in the property. Nor does the record disclose the ownership of the remaining interest or interests in the property in the event the Burks defendants’ demands should be sustained as to the interests claimed by them.
For the foregoing reasons, we have concluded that the record is insufficient to serve as a basis for a judgment recognizing title to the property in either group of the defendants or to a determination of the question of whether either has a better title than the other. In the interest of justice, the judgment recognizing title in the defendant Mills, insofar as these groups of defendants are concerned, should be set aside and the case remanded with leave of the parties to amend their pleadings as they may deem necessary, to make such additional persons parties to this action as may be found essential either as parties plaintiffs or defendants, and to offer such additional evidence to support their respective demands as they deem advisable. This procedure has long been recognized in instances of this character by the jur *922 isprudence of this State. Scruggs v. Endom, 123 La. 887, 49 So. 630 (1909); Minor y. Young, 149 La. 583, 89 So. 757 (1920).
Therefore, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed that this cause be remanded to the Honorable Fourth Judicial District Court in and for Ouachita Parish, Louisiana, with leave of the parties, plaintiffs and defendants, to' amend their pleadings and to make parties'such other persons as are indispensable to>' a determination of this cause, and to offer such additional evidence as they may determine essential to support their respective causes of action.
The cost of this appeal is assessed against" appellee, W. A. Mills, the taxation of all' other costs to await final determination of.” this cause.
Reversed and remanded.