## BRISTER v. WRAY–DICKINSON CO., Inc., et al. *
## No. 4998.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1935.

Julius T. Long, of Shreveport, for appellant.

Cook & Cook, of Shreveport, for appellees.

DREW, Judge.

Plaintiff sued for compensation for an injured leg, alleging that he received the injury while in the employ of defendant and while performing the services in the scope of his employment. He alleged the accident occurred on June 15, 1932, and that defendant

paid him weekly compensation in the amount of $16.25 from that date until October 5, 1932, after which he again tried to work for defendant, but did so in great pain, losing several days at a time on account of the pain and impairment to his knee and leg. Plaintiff lost in all eighty-four days between the time he returned to work on October 5, 1932, until March 3, 1934, at which time he was forced to cease work. He alleged that defendant again began to pay him compensation at the rate of $12.50 per week from March 3, 1934, until September 14, 1934, and on March 26, 1934, paid for an operation on his knee. After September 14, 1934, defendant refused to pay him any more compensation. This is the only part of the petition pertinent to a decision in the case.

Defendant filed a plea of prescription of one year, which was overruled. It then filed an answer and an exception of no cause and right of action.

The lower court sustained the exception of no cause of action and overruled the exception of no right of action. Plaintiff has appealed to this court. Defendant has answered the appeal and prays, if we reverse the lower court on its holding on the exception of no cause of action, that we then sustain the exception of no right of action. The exception of no cause of action is based upon the theory that, upon the face of the petition, the cause or right of action is barred by the one-year limitation provided for in section 31 of the Workmen's Compensation Act (Act No. 20 of 1914, § 31, as amended by Act No. 85 of 1926, § 1), which reads as follows: "That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death of the parties shall have agreed upon the payments to be made under this Act or unless within one year after the accident, proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."

The petition discloses that there was no compensation paid from October 5, 1932, until March 3, 1934, a period of fifteen months and twenty-eight days. There is no allegation that there was any agreement to pay compensation during that time. This suit was filed on October 19, 1934. The statute provides that, if a suit is not filed within twelve months after the last payment of compensation is made, the claim for payments shall be forever barred. The right to compensation is a statutory one and, where such a right is created and the Legislature stipulates the delay within which it must be exercised, failure to exercise it within the prescribed delay is not a mere prescription which can be interrupted, but works as an absolute lapse of the right. Ashbey v. Ashbey, 41 La. Ann. 102, 5 So. 539; Matthews v. Kansas City Southern Railway Company, 10 La. App. 382, 120 So. 907, 911.

In the latter case, the court quoted from Partee v. St. Louis & S. F. R. Co., 123 C. C. A. 292, 204 F. 970, 51 L. R. A. (N. S.) 721, as follows: "The rule is well settled in a majority of the jurisdictions where the question has arisen, that, as a statute which creates a cause of action not known to the common law, and fixes the time within which an action must be commenced thereunder, is not a statute of limitation, but the right given thereby is a conditional one, and the commencement of the action within the time fixed is a condition precedent to any liability under the statute, a general provision of the limitation statutes for additional time within which to bring a new suit after the failure of a previous action for the same cause, notwithstanding the new suit would otherwise be barred, has no application to a purely statutory cause of action upon which the statute creating it provides that action must be brought within a certain time."

In Corpus Juris, vol. 37, p. 686, we find the following: "A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates, therefore, to extinguish the right altogether. To such limitations the rules of law governing pure statutes of limitation, applicable to all classes of actions, have no application; they are to be determined by the law of the place under which the right of action arose or the contract was made, and are not to be created as waived merely because they are not specially pleaded. They are not subject to the disabilities and excuses through which the effect of ordinary statutes of limitation may be avoided, nor, it seems, can they be evaded even by proof of fraud. Whether a particular limitation of time is to be regarded as a part of the general statute of limitations or as a qualification of a particular right must

be determined from the language employed and from the connection in which it is used.".

In Guillory v. Avoyolles Railway Company et al., 104 La. 11, 28 So. 899, 901, the court said: "When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost. Taylor v. Cranberry Iron & Coal Co., 94 N. C. 525; Cooper v. Lyons, 9 Lea [Tenn.] 595."

It is true none of the cases cited are compensation cases and the construction of the compensation law must be liberal and in favor of the employee. However, we have been cited to no compensation cases by either plaintiff or defendant dealing with the question, and we have been unable to find any Louisiana compensation case on the subject. The New York Workmen's Compensation Law (Consol. Laws, c. 67) contains the same provision as the Louisiana compensation law as to the time within which suit must be filed, and the Supreme Court of New York, in passing on the case of Degaglio v. Bradley Contracting Company, 184 App. Div. 243, 171 N. Y. S. 679, said that payments by employer to an injured employee stated to be made under the Workmen's Compensation Law and continued for about a year, did not estop the employer from asserting employee's delay in filing claim as a bar to recovery of compensation where the first payment was made after the time in which to file his claim had passed. This case is very similar to the case at bar.

In the case of O'Esau v. E. W. Bliss Company et al., 188 App. Div. 385, 177 N. Y. S. 203, 204, decided by the Supreme Court of that state, the following was said in speaking of that section of the act which specifies the time within which an employee is to file suit for compensation.

"This section is not properly a statute of limitations; it is a condition of the right to compensation under the act. The claimant has no common-law right of compensation; this has been taken away, and a new right has been substituted, upon the conditions named in the act, and among these conditions is that the claim must be filed with the commission within the period of one year 'after the injury,' and not only is there no provision for the commission to excuse such filing, but it is provided in section 116 of the act that 'no limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor dependent so long as he has no committee, guardian or next friend,' thus excluding all other cases under the rule of 'expressio unius est exclusio alterius.' Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57, 57 N. E. 168, 79 Am. St. Rep. 565. No suggestion is made here that the claimant was mentally incompetent. The record clearly shows that he was not; and the statute provides that the 'right to claim compensation under this chapter shall be forever barred unless within one year after the injury * * * a claim for compensation thereunder shall be filed with the commission.' Section 28.

"The rule is thoroughly well established that where a statute gives a right unknown to the common law, and limits the time within which an action shall be brought to assert it, the statutory limitation measures the extent and qualifies the nature of the right conferred. Dailey v. N. Y. O. & W. R. Co., 26 Misc. 539, 540, 57 N. Y. S. 485; The Harrisburg, 119 U. S. 199, 7 S. Ct. 140, 30 L. Ed. 358; Wooden v. W. N. Y. & P. R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803; Hill v. Supervisors, 119 N. Y. 344, 347, 23 N. E. 921. In the latter case the court say that, where the statute creates a new cause of action, 'the limitation of time is so incorporated with the remedy as to make it an integral part of it, and the condition precedent to the maintenance of the action at all.' Rosin v. Lidgerwood Mfg. Co., 89 App. Div. 245, 253, 86 N. Y. S. 49. 'The right to claim compensation under this chapter is forever barred,' says the statute, 'unless within one year after the injury * * * a claim for compensation thereunder shall be filed with the commission.' This is clearly a jurisdictional fact; without the filing of the claim within one year from the injury the commission is powerless to act, because the right to 'claim compensation' has been forever barred, and even the State Industrial Commission may not revive that claim sufficiently to give it jurisdiction to apply the doctrine of estoppel. What a court of law or of equity might do in a case coming within the scope of an estoppel, which always involves the element of fraud or something which operates as a fraud (Wilmore v. Flack, 96 N. Y. 512, 520), it is not necessary now to inquire. The claimant worked for the employer for many months after the accident, during all of which time he was in the possession of all his mental faculties, as we must assume. He was bound to know the law, and this law required, as a condition precedent, that he

should file his claim within a period of one year from the date of the accident. Having failed to do this, the 'right to claim compensation under this chapter' was at an end. It was beyond the jurisdiction of the State Industrial Commission, and its holding that the employer and insurance carrier were estopped is utterly without force or effect. No evidence of fraud appears in the record; the employer furnished the claimant with work which he could do at his old wages following the injury, and there is not a suggestion that anything was done to prevent the claimant taking such action as his interests required."

·It seems, therefore, that plaintiff's right of action is barred, unless there was some agreement between him and plaintiff as to the payment of compensation between the dates of October 5, 1932, and March 3, 1934. It is not alleged that there was. In order to state a cause of action, it was necessary that such allegation be made. If there was no such agreement, plaintiff has no right of action. The pleadings leave us in the dark as to the latter.

The lower court sustained the exception of no cause of action and overruled the exception of no right of action, and its judgment is correct and is affirmed.