LAND, Justice.
 

 This is a compensation suit in which plaintiff alleges that he was injured on or about June 15, 1932, while in the employ of the defendant Wray Dickinson Company, Inc.
 

 He alleges that an operation was performed at the expense of the defendants, and that he was paid compensation from June 15, 1932, to October 5, 1932; that thereafter he tried to work, but lost a considerable amount of 'time as the result of his condition, and finally ceased any effort to work on March 3, 1934.
 

 He further alleges that the defendants paid him compensation from March 3, 1934, to September 14, 1934, and refused to do so thereafter.
 

 The suit for compensation was filed October 19, 1934.
 

 Defendants filed in the district court a plea of prescription of one year, which was overruled. Then an answer and an exception of no cause and right of action were filed by defendants.
 

 The lower court sustained the exception of no cause of action, and overruled the exception of no right of action, and on appeal to the Court of Appeal, Second Circuit, the judgment was affirmed. 159 So. 430. The case is now before us for review on a writ of certiorari granted plaintiff.
 

 The exception of no cause of action is based upon the contention that, upon the face of the petition, the cause or right of action is barred by the one-year limitation provided for in section 31 of the Workmen’s Compensation Act (Act No. 20. of 1914), which reads as follows: “That in case of personal injury (including death resulting therefrom) all claims for payments shall be
 
 forever barred
 
 unless within one year after the injury or death
 
 the parties shall have agreed upon the payments to be made under this act,
 
 or unless within one year after the injury
 
 proceedings have been begun
 
 as provided in Sections 17 and 18 of this act. Where, however,
 
 such payments
 
 have been made in any case, said limitations shall not take effect until the expiration of pne year from the time of making
 
 the last payment.”
 
 (Italics ours.)
 

 The petition discloses in paragraph V that from October 5, 1932, until March 3, 1934, no payments were made. There is no allegation in the petition that there was any agreement with reference to compensation during the period of time from October 5, 1932, to March 3, 1934. Therefore, for a period of
 
 fifteen months and
 
 
 *565
 

 twenty-eight days,
 
 no payments were made, and there was no agreement for payments under the act, and no suit was filed.
 

 In Guillory et al. v. Avoyelles Ry. Co. et al., 104 La. 11, on page 15, 28 So. 899, 901, we used the following language: “When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of
 
 prescription,
 
 but it is one of
 
 peremption.
 
 Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost.” (Italics ours.)
 

 See, also, Ashbey v. Ashbey, 41 La.Ann. 102, 5 So. 539.
 

 It therefore follows that, when a period of more than 15 months elapsed in which no payments were made, and no agreement was entered into, the right of plaintiff to recover under the Compensation Law was, in the words of the statute, “forever
 
 barred”\
 
 the cause of action no longer existed; it was lost. The statute clearly is one of peremption.
 

 Plaintiff’s petition alleges that he was employed at $25 per week; that he was injured on June 15, 1932, and was paid compensation at the rate of $16.25 per week from the time of the injury to October 5, 1932, and that subsequently he was paid $12.50 weekly, beginning March 3, 1934.
 

 Aside from the vital fact that the petition contains no allegation of an agreement as to compensation, it is quite obvious that the $12.50 per week cannot have been compensation payments, but were mere gratuities.
 

 In the plain language of the statute, it is only when “the parties shall have
 
 agreed
 
 upon the payments to be made under this act,” and the last payment is one of
 
 "such payments,”
 
 that “said limitations shall not take effect until the expiration of one year from the time of making
 
 the last payment.”
 
 (Italics ours.)
 

 The judgment of the Court of Appeal, in our opinion, is correct.
 

 Judgment affirmed.