**HEARD v. RECEIVERS OF PARKER GRAVEL CO., Inc.**

No. 5601.

Court of Appeal of Louisiana. Second Circuit.

Jan. 28, 1938.

Cook, Cook & Egan, of Shreveport, for appellant.

Julius T. Long, of Shreveport, for appellee.

HAMITER, Judge.

An injury was sustained by plaintiff when he met with an accident while in the performance of his duties as an employee of defendants. After the expiration of a year from the occasion of the accident and in-

jury, he brought this suit in which he claims compensation, as for total and permanent disability, at the rate of $11.70 per week for a period not exceeding 400 weeks, beginning September 16, 1935, less the sum of $170 previously paid to him.

Allegations of the petition which are pertinent to the discussion hereinafter given are:

"6. That soon after he was thus injured the said receivers and their agents and employees knew of the time, cause, nature and extent of his said injuries.

"7. That from time to time, the said receivers paid him various amounts due on his said disabilities and injuries, all aggregating the sum of $170.00, the last of which payments made to him was the sum of $15.00, given and paid to him on or about the 17th day of June, 1936; but the said receivers have failed to pay him any more, although he has since made repeated amicable demands upon them for payment to him by them of the amounts due petitioner."

Subsequently defendants filed an exception of nonjoinder. This was overruled.

Later the prescription and peremption of one year were pleaded to plaintiff's demands, and also defendants tendered exceptions of no cause and no right of action.

The plea of peremption was sustained by the trial judge, and the suit ordered dismissed. However, on motion filed by plaintiff's counsel, a rehearing was granted. On rehearing the pleas of prescription and peremption and the exceptions of no cause and no right of action were overruled.

An answer was then filed by defendants, and the case was tried on its merits. No issue is made as to the existence of the injury or the weekly wages received by the plaintiff.

After trial, defendants tendered further exceptions of no cause and no right of action and a plea of peremption, all of which were directed to the entire record in its then existing state.

There was judgment in plaintiff's favor, "And against the defendants, Receivers of Parker Gravel Company, Inc., namely; C. A. Parker and J. E. Morgan, in solido, in the sum and for the weekly compensation of $11.70 per week for 150 weeks, beginning September 16, 1935, less the sum of $170.00 paid by defendants, with legal interest on each of said weekly installments not con-

sumed by said credit until paid and all costs of this suit."

Defendants regularly prosecuted a devolutive appeal to this court.

Plaintiff has answered the appeal praying that the judgment of the trial court be amended by awarding compensation for a period not exceeding 400 weeks, by fixing the fees of his medical expert witness at $25 and taxing it as costs in this case, and by fixing the fee of his attorney at one-fifth of the net amount that he collects from recovery on the judgment; and that, as thus amended, the judgment be affirmed.

The principal question presented for determination herein is whether or not plaintiff can successfully maintain this action, inasmuch as more than a year elapsed between the date of the accident, with resultant injury, and the institution of his suit. The employee was injured on September 16, 1935, while the litigation was not begun until December 28, 1936. This issue is raised by the pleas of prescription and peremption and the exceptions of no cause and no right of action, to which we have alluded.

It is provided in Section 31 of the Louisiana Employers' Liability statute, being Act, No. 20 of 1914, as amended by Act No. 29 of 1934, § 1, that, "In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this act or unless within one year after the accident proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."

The delay fixed and referred to in the quoted provision is properly speaking one of peremption and not one of prescription. Guillory v. Avoyelles Railway Company et al., 104 La. 11, 28 So. 899.

The evidence in the record, as well as the allegations of plaintiff's petition, discloses that numerous payments were made by defendants to plaintiff, following the accident, totaling $170. Specifically, these were ten in number and ranged in amounts from $10 to $25. All were made by checks, the first of which was dated November 2, 1935, while the last one was under date of July 1, 1936. Plaintiff was named as payee in each of the instruments, except the last one which was made payable to "Brunswig Sholars, attorney for Doyle Heard". It is admitted by the employee, however, that he had no agreement with defendants as to the rate of compensation he was to receive for his injuries or to the period of time during which payments would be made.

With reference to the aforequoted provisions of the compensation statute, defense counsel contend and argue that where one year elapses after the workman received an injury and there has been no agreement between him and his employer fixing the rate of compensation to be paid and the duration period for the payments, and no suit has been filed, the said employee has no cause or right of action against his employee regardless of any payments which may have been made in the interval.

Our construction of the section in question does not accord with that of counsel. If it is to be construed as contended, what is there to prevent an employer from informing and promising an injured, ignorant and trusting employee, with whom he has entered into no agreement fixing a compensation rate and period for payment, that compensation will be paid; and thereafter giving to him for and only during a period of one year from the date of the injury, payments seemingly satisfactory to the claimant but not equalling the rate actually due him? After the expiration of the year and further and adequate payments are not made, can it be correctly said that said employee's cause and right of action for the unpaid balance of his claim are barred by the peremption of one year, merely because he made no formal or specific agreement with his employer, regarding a definite rate and period of compensation, but instead relied on the representations of his employer in whom he had implicit confidence that he would be properly compensated? We think not.

The only binding agreement that an employer and his employee can make under the provisions of the act, with reference to the fixing of compensation payments and the duration period thereof, is one that has been reduced to writing and has received judicial sanction. Obviously no agreement of that kind is contemplated by the provisions under consideration; and no useful purpose would be served by re

quiring the parties to enter into one that would be without force and effect.

It is well recognized that the provisions of the Employers' Liability Act must be construed liberally in favor of the employee. Our interpretation of the applicable portion of said section 31, made in the light of that principle of law, is that where an employer is aware of an injury sustained by the employee, which is compensable under the provisions of the statute, and makes payments to him in and as compensation therefor, the employee's claim is not perempted until the expiration of one year from the time of making the last payment. We are of the opinion that the provision "unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this act" contemplates no agreed rate of pay or the period of time for the making of compensation payments; but refers to an understanding or agreement of the parties that the injury is compensable under the statute and that the employee will be compensated for it.

The record in the instant case discloses that defendants knew of plaintiff's injury shortly after its occurrence. They made the first payment to him on November 2, 1935. On November 26, 1935, Mr. Brunswig Sholars, an attorney of Monroe, Louisiana, addressed a letter to defendants, which they received, informing them that he had been retained by plaintiff with reference to settling the injury claim, and requesting an early adjustment of the matter. Following this letter were the other numerous payments above mentioned. Mr. Sholars dispatched further letters to defendants regarding the claim under dates of July 21, 1936, and August 20, 1936.

It is contended by defendants that said described payments were nothing more than donations or gratuities. We are convinced, however, that they were intended as, and understood by the parties to be, compensation payments for the sustained injury. This conviction is predicated on defendants' knowledge of the accident and injury, the letters of the attorney, and the fact, as shown by the record, that the payments were listed on defendants' books as "general expense" and not as donations. In view of this, and of our above announced interpretation, and as this suit was instituted within one year from the date of the last payment, we hold that peremption has not foreclosed plaintiff's claim.

The case of Brister v. Wray-Dickinson Company, Inc., passed on by us, 159 So. 430, and by the Supreme Court on certiorari to this court, 183 La. 562, 164 So. 415, is cited and relied on by defense counsel. It is not controlling here. In that case, the claimant received no payments whatever from his employer during a period of 15 months and 28 days which intervened between the date of injury and that of the institution of suit.

Defendants' exception of nonjoinder is based on the fact that plaintiff, previous to the employment of the attorney who filed this suit, entered into contracts with two different attorneys, and it is contended that such attorneys have interests in this litigation and are necessary parties to it. We find no merit in this exception, and are of the opinion that it was correctly overruled by the trial judge.

Appellee urges, under his answer to the appeal, that his injury has totally and permanently disabled him from doing work of any reasonable character, and that he is entitled to be compensated under those provisions of the statute which relate to such a condition. According to the evidence, plaintiff's work is that of a manual laborer. He is uneducated. For a period of 4 or 5 years prior to the accident, he had been in defendants' employ. Prior to that he farmed near the town of Sibley, Louisiana. When injured he was oiling a chain on a drag line. His injury was confined to his left hand and resulted in the amputation of its first, second and third fingers at the first joints close to the palm, and a stiffness of the little finger. A scar appears on the back of the hand over the middle metacarpal bone, this obviously being from an incision made for drainage purposes. There was no injury to the thumb. All of the wounds had good healing. The left arm, elbow and wrist were unaffected and have free movement.

The testimony of plaintiff's medical expert is that the employee has a total and permanent disability for industrial work, his opinion being based on a belief that no industrial company would employ him. This witness, as well as the physician who testified for defendants, thinks, however, that plaintiff can perform plowing on the farm.

We are of the opinion, as was the trial judge, that plaintiff should be compensated under the specific injury provi-

sion of the statute as for the loss of a hand, rather than under the provision relating to total and permanent disability. As he is familiar with farming and is able to perform many, if not most, of the duties and functions required by that occupation, it can not be correctly said that he is wholly disabled from doing work of any reasonable character. The cases of, Barr v. Davis Bros. Lumber Company, 183 La. 1013, 165 So. 185; Pierce v. Cochran & Franklin Company, La.App., 175 So. 170; Schneider v. Travelers Insurance Company, La.App., 172 So. 580; and Custer v. New Orleans Paper Box Factory, La.App., 170 So. 388, cited by counsel, are thoroughly familiar to us. However, in our opinion, they are not controlling or decisive of the issue under consideration in the instant case, for the injuries therein involved are different from and more disabling than the one sustained by this plaintiff.

■ It is also requested by appellee, as before stated, that the judgment be amended so as to fix the fees of his medical expert witness and also those of his attorney. This can not be done. There is nothing in the record disclosing that either of these matters was passed on by the trial court. Patrick v. Grayson & Yeary et al., 13 La. App. 228, 127 So. 116.

The judgment appears to be correct, and it is affirmed with costs.