## CARPENTER v. COX.

### No. 5771.

Court of Appeal of Louisiana.
Second Circuit.

Dec. 9, 1938.

Rehearing Denied Jan. 10, 1939.

Writ of Certiorari and Review Denied
March 6, 1939.

Madison, Madison & Fuller, of Bastrop, for appellant.

H. S. Hawthorne, of Bastrop, for appellee.

HAMITER, Judge.

The allegations of the petition herein are, in effect, that plaintiff paid the sum of $965.82 to obtain satisfaction and cancellation of two liens recorded by the United States government in the mortgage records of Morehouse Parish, Louisiana, securing the payment of income taxes due by himself and defendant as transferees of Cox & Carpenter, Inc. He asks judgment against defendant for one-half of the named amount.

Defendant excepted to the petition as stating no cause and no right of action. The exceptions were overruled. They are not urged here.

Answer was thereafter filed. It is in the nature of a general denial. No special defense is pleaded.

Plaintiff recovered judgment in accordance with his prayer and defendant appealed.

A stipulation of the attorneys representing the respective litigants discloses the following agreed facts:

"Cox and Carpenter, Inc., rendered its Federal Income Tax Return for the year

1930 and claimed salaries of $30,000.00 each for account of Mr. C. E. Carpenter and Mr. L. W. Cox, both officers of said corporation. During the year 1932, the Internal Revenue Agent made an examination of the tax returns of Cox and Carpenter, Inc. and disallowed $5,000.00 salary to Mr. Carpenter and also to Mr. Cox, reducing the salary to $25,000.00 each. As a result of this disallowance an additional tax was claimed as being due by said corporation in the amount of $1200.00. The Internal Revenue Department undertook to collect the $1200.00 from the corporation and failing to do so claimed the amount due by Mr. Cox and Mr. Carpenter as transferees of said corporation. In the meantime, inasmuch as the salaries of Mr. Cox and Mr. Carpenter had been reduced by the Government, and in order to protect their interests, claims for refund were filed on the basis of $25,000.00 salary. The Government then allowed a credit of $66.75 for the account of L. W. Cox and a credit of $99.46 for the account of C. E. Carpenter. By their consent these credits were applied to the $1200.00 deficiency due by C. E. Carpenter and L. W. Cox as transferees of Cox and Carpenter, Inc. On October 9th, 1936 the United States Government filed in the mortgage records of the Parish of Morehouse, State of Louisiana, a notice of tax lien against L. W. Cox as one of the transferees of Cox and Carpenter, Inc. in the sum of $1500.41, and likewise, filed a similar notice of tax lien against C. E. Carpenter as the other transferee of said corporation in the sum of $1487.70. The reason the Government filed two separate notices of tax lien was due to the difference in the credits allowed to each, as above mentioned, although said tax liens resulted from and represented the balance due by Mr. Cox and Mr. Carpenter as transferees of said corporation. That after said tax liens were filed, an additional credit of $209.39 with interest was allowed to Mrs. C. E. Carpenter and $192.33 with interest was allowed to Mrs. L. W. Cox, on account of the community return for the year 1930. The Government with the consent of Mrs. Carpenter and Mrs. Cox likewise allowed these sums as a credit to the deficiency due by Mr. Cox and Mr. Carpenter as transferees of said corporation, leaving a balance due the Government in the sum of $940.22. This entire balance due was subsequently paid by Mr.

C. E. Carpenter on the following dates and in the following amounts, to-wit:—

"April 20th, 1937 .......... $ 612.07
"June 8th, 1937 ............. 150.00
"July 12th, 1937 ............ 178.15

"As a result of the aforesaid payments by Mr. Carpenter, the tax liens filed by the Government were authorized to be cancelled and erased in full from the records of Morehouse Parish, Louisiana. That in addition to the amount paid by C. E. Carpenter unto the United States Government, he has paid one F. J. Cox, Public Accountant, the sum of $25.00 for services in rendering an account in connection with the claim filed by the Government against Cox and Carpenter, Inc."

Supplementary to the foregoing stipulation is the testimony of each of the parties. This discloses that plaintiff endeavored to pay his individual portion of the tax in order to free his real property from the recorded lien, but the tax authorities refused his offer and required payment of both claims before authorizing cancellation of either encumbrance. Defendant had knowledge of plaintiff's negotiations with reference to obtaining such removal and offered on two occasions to give plaintiff a promissory note for his portion of the indebtedness. The instrument was not accepted.

It is plaintiff's contention that a legal subrogation, under the authority of Civil Code, article 2161, occurred when he paid the entire tax to the said government, and that he is entitled to maintain this action against defendant. The pertinent portion of the mentioned codal article [Civ.Code, art. 2161] is:

"Subrogation takes place of right:
*  *  *

"3. For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it."

The above recited facts clearly reveal that plaintiff had an interest in discharging defendant's portion of the indebtedness. The tax lien securing it operated against his immovables, and he was entitled to effect a release to prevent a possible seizure of that property and to place the title thereto in a transferable condition.

Defendant urges, however, that at the time of payment the claim of the

United States government had expired by reason of the statute of limitations; and that plaintiff was subrogated to and acquired no greater right than that held by said government. His counsel call attention to the·fact that the tax return of the corporation was filed in January, 1931, and the assessment against the transferees, plaintiff and defendant, was not made until October 14, 1936, or more than five years later; and they then point to the following provisions of the Federal Internal Revenue Statute:

"The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period." 26 U.S.C.A. § 275(a)

"(b) Period of limitation.—The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

"(1) In the case of the liability of an initial transferee of the property of the taxpayer,—within one year after the expiration of the period of limitation for assessment against the taxpayer." 26 U.S.C.A. § 311(b)(1).

The right to tender the aforementioned defense is challenged by counsel for plaintiff on the ground and theory that it has never been specially pleaded.

If the provisions of law invoked and relied on go to make up a statute of general limitations, or, as is familiarly known to us, one of prescription, then the defense cannot be considered. It is well established under our law that prescription must be specially and expressly pleaded to be available. It can neither be given in evidence under the general issue nor be supplied by the court. Mansfield v. Doherty, 21 La.Ann. 395; State ex rel. Watkins v. Baten, 48 La.Ann. 1538, 21 So. 119; DeBouchel v. Koss Construction Co., 180 La. 615, 157 So. 270; Civil Code, articles 3463, 3464. If, however, the statute provides a period of peremption, or, as termed in the common law, a qualification of a given or particular right, the ordinary rules governing the interruption of prescription do not apply and a special plea attacking the cause of action is unnecessary. Hollingsworth v. Schanland, 155 La. 825, 99 So. 613.

In Guillory et al. v. Avoyelles Ry. Co. et al., 104 La. 11, 15, 28 So. 899, 901, · the Supreme Court stated:

"When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; * * *."

The above extract is quoted by this court in Brister v. Wray-Dickinson Co., Inc., et al., 159 So. 430, and by the Supreme Court in the same case reported in 183 La. 562, 164 So. 415.

Corpus Juris, Vol. 37, verbo, "Limitations of Actions" § 5, states:

"A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. *A lapse of the statutory period operates, therefore, to extinguish the right altogether.* To such limitations the rules of law governing pure statutes of limitation, applicable to all classes of actions, have no application; they are to be determined by the law of the place under which the right of action arose or the contract was made, and are not to be treated as waived merely because they are not specially pleaded. *They are not subject to the disabilities and excuses through which the effect of ordinary statutes of limitation· may be avoided,* nor, it seems, can they be evaded even by proof of fraud. *Whether a particular limitation of time is to be regarded as a part of the general statute of limitations· or as a qualification of a particular right must be determined from the language employed and from the connection in which it is used.*" (Italics ours) Quoted in Brister v. Wray-Dickinson Co. Inc. et al., Court of Appeal, supra.

According to some of the provisions of the Federal Internal Revenue Act, other than those above quoted, and the jurisprudence of the federal courts interpreting them, a suspension of the running

of the prescribed limitation of time in question may be effected either by the happening of certain named events or through the execution of a written waiver by the transferee and the tax commissioner. Furthermore, in practically all of the jurisprudence wherein the pertinent limitation period is considered, and also in the statutory provisions themselves, the period is referred to and described as "the statute of limitations".

In view of the language used in the Revenue Act and the fact that a suspension of the time limitation is permitted and provided for, we are of the opinion that the statute invoked and relied on by defendant is one of prescription rather than of peremption; and, being such, and as the defense involving it was not urged specially and expressly herein, it cannot be given consideration and application.

The judgment awarded to plaintiff, founded on the aforementioned legal subrogation, appears to be correct, and it is affirmed.