## REINER v. MARYLAND CASUALTY CO.*
### No. 1919.

Court of Appeal of Louisiana.
First Circuit.
Dec. 19, 1938.

C. Arthur Provost and Knowles M. Tucker, both of New Iberia, for appellant.

Walter J. Burke and Lawrence Simon, both of New Iberia, for appellee.

DORE, Judge.

Ernest Reiner, the plaintiff, a molder's helper in the foundry of A. Moresi, Limited, at New Iberia, Louisiana, alleges

*Rehearing denied Jan. 11, 1939; writ of error denied by Supreme Court March 6, 1939.

that on July 28, 1937, while going about his duties and while a mold was being poured, some of the molder's metal popped into his left eye; that as a result his left eye had to be removed within a few days, and his right eye developed a "glaucoma" rendering it practically useless; that these injuries resulting from the accident have rendered him totally and permanently disabled, and under the provisions of the Employers' Liability Act the defendant, as the insurer of his employer, should be adjudged liable for such total permanent disability. He sets forth further in his petition that the defendant has admitted that he is due compensation for 100 weeks for the loss of his left eye and that the defendant has paid and is paying him compensation on that basis, but that the said defendant specifically denies that there is loss of vision in the right eye and that there is total permanent disability.

The defendant filed an exception of no cause of action and, in the alternative, the exception and plea of prematurity, based on the fact that plaintiff's petition fails to allege that the plaintiff has not been, and is not now being, paid weekly compensation in the maximum percentage permitted by the Act, and based on the further fact that defendant admits liability for the loss of plaintiff's left eye, and is paying him compensation on that basis.

The record contains a statement of facts agreed upon by counsel, in which it is agreed that the plaintiff's weekly wage was $8.10 and that under the statute the maximum rate of compensation due him is $5.26; that defendant admits liability for the loss of plaintiff's left eye on July 28, 1937, and has paid and is now paying plaintiff for that injury the maximum weekly compensation of $5.26; that the defendant denies liability for total permanent disability.

The lower court sustained the plea of prematurity. The plaintiff has appealed.

It is admitted by both plaintiff and defendant that since the date of the injury the defendant has been paying and the plaintiff has been receiving the maximum weekly compensation to which he is entitled. The dispute between the plaintiff and defendant is not as to the amount of compensation being paid, but as to the length of time that it shall be paid. It is clear from the agreement as to the facts that the defendant contends that plaintiff is entitled to the maximum compensation for a period of 100 weeks only, whereas the plaintiff contends that he is entitled to such compensation for 400 weeks. In other words, there is a real controversy between plaintiff and defendant as to whether the injury consists of the loss of one eye, as claimed by the defendant, or total permanent disability, as claimed by the plaintiff; and the only question before us is whether or not that controversy should properly be tried at this time.

The plea of prematurity is based on defendant's contention that, as plaintiff is being paid the maximum compensation to which he is entitled, under the law governing the case, Section 18 (amended by Act No. 81 of 1930) 1, (A) and (B) of the Employers' Liability Act, Act No. 20 of 1914, no suit can be filed to have the amount of compensation and the period of time during which payment is to be made, definitely fixed, as long as the maximum compensation claimed is being regularly paid.

This section reads:

"1 (A) That in case of dispute over or failure to agree upon a claim for compensation between employer and employee, or the dependents of the employee, either party may present a verified complaint to the Judge of the District Court which would have jurisdiction in a civil case, or to the Judge of the District Court of the parish in which the injury was done or the accident occurred, or, where there is more than one Judge of said Court, then to either or any of said Judges of such Courts, or to any Court at the domicile of, or at the principal place of business of, the defendant, having jurisdiction of the amount of dispute, at the option of the plaintiff, setting forth the names and residence of the parties and the facts relating to the employment at the time of the injury, the character and extent of the injury, the amount of the wages being received at the time of the accident, the knowledge of the employer or notice of the occurrence of the accident and injury, and such other facts as may be necessary and proper for the information of said Judge, and to give the other party sufficient information to enable him to intelligently answer and defend the complaint, and should state the matter or matters in dispute and the contention of the petitioner with reference thereto, including all facts which are in this act or in any

subdivision thereof, made conditions under which compensation may be granted.

"(B) Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependent is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this act, the presentation of filing of such complaint shall be premature and shall be dismissed; when such allegation is contained in such complaint and is denied by the employer at the time fixed for the hearing thereunder by the Court, if it be shown that such allegations are without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed; and the question of whether or not such allegation of non-payment is justified under the facts shall be determined by the Court before proceeding with the hearing of the other issues involved."

Counsel for plaintiff contends that the payments referred to in subsection (B) are payments which have been the subject of a definite agreement between the plaintiff and defendant, and cites in support of that contention the case of Brister v. Wray Dickinson Co., 183 La. 562, 164 So. 415. Plaintiff's counsel contends further that under the provisions of Section 31 of the Act (Dart, Sec. 4420), as set forth in Brister v. Wray Dickinson Co., supra, the claim for total disability, unless a suit therefor were filed within one year from the injury, as was done in this case, would be forever barred. We cannot agree with counsel in his contentions on the state of facts existing in the instant case, nor can we find that the case of Brister v. Wray Dickinson Co., supra, is applicable to the situation herein. In the case cited it appears that the plaintiff was injured on June 15, 1932, and was voluntarily paid the maximum weekly compensation from that date until October 5, 1932. Thereafter, from October 5, 1932, to March 3, 1934, a period of fifteen months and twenty-eight days, he received no compensation whatsoever; and the Supreme Court held that because of that lapse of nonpayment of over one year the claim had become forever barred under the provisions of Section 31, and that it could not be revived as a result of voluntary payments thereafter made by the defendant from March 3, 1934, to September 14, 1934; that these additional payments were mere gratuities. The question as to whether or not the suit could properly have been filed within one year of the last payment of maximum compensation was not before the court.

Counsel for plaintiff relies also on the language used in the cited case as follows [page 416]: "In the plain language of the statute, it is only when 'the parties shall have agreed upon the payments to be made under this act,' and the last payment is one of 'such payments,' that 'said limitations [to institute suit] shall not take effect until the expiration of one year from the time of making the last payment.'"

Since the case was decided by the Supreme Court on the point that there was a lapse of more than fifteen months when no payments were made, it is evident that the statement of the court with reference to the type of payments contemplated by the statute is mere dicta. But, even admitting that the statement may be cited as authority for the type of payments contemplated, we cannot interpret such statement to mean that there must be a complete agreement not only as to the amount of the payments but also as to the length of time during which such payments shall be made. In the case before us there is no question that it is agreed between the plaintiff and the defendant that the maximum compensation to which the plaintiff is entitled is the amount of $5.26 per week, which he has been paid since the date of his injury, and it seems clear that under the provisions of the Act the plaintiff shall have the right at any time within a year of the last of such payments to assert any further claim that he may have.

The instant case presents a situation similar to that in the case of Moss v. Levin et al., 10 La.App. 149, 119 So. 558, 120 So. 258, decided by this court on Jan. 9, 1929, and later affirmed upon application for rehearing. In that case the defendant admitted liability for 60 weeks at the maximum rate of compensation and from the date of the injury had paid and was still paying compensation to the plaintiff on that basis when plaintiff filed suit, as in the instant case, contending that he was entitled to compensation on the basis of total disability for a period of 400 weeks. In that case, this court held [page 561]: "We therefore find that, as plaintiff does not and cannot allege that he 'is not being paid the maximum per centum of wage to which he is entitled,' that under

Act 20 of 1914, § 18 (Amended by Act 85 of 1926) 1 (B), the presentation of the filing of his petition was premature, and same must therefore be dismissed, unless the defendants have renounced the benefit of this law."

■ In that decision, this court expressed appreciation of "the difficulty it will be for a disabled employee, perhaps penniless, to hire counsel and take depositions de bene esse, against the day when he may stand in need of the testimony, uncertain as to whether it may be needed or not, and, if so, when," but, as stated therein, "these matters are for the Legislature." That decision rendered in 1929 has never been disturbed, and, in our opinion, is a correct interpretation of the provisions of the compensation act involved herein.

■ For the reasons stated, it is our opinion that the judgment of the lower court sustaining the plea of prematurity is correct, save and except the casting of plaintiff for costs. Since this is a suit in forma pauperis, the judgment is amended by dismissing plaintiff's suit without costs, and, as thus amended, affirmed.