Plaintiff, on July 28, 1948, filed suit seeking four hundred weeks compensation at $20 per week, allegedly due as the result of an accident occurring on July 30, 1946 while plaintiff was in the employ of the defendant corporation.
Plaintiff's injury was to his shoulder and foot. The petition set forth that recovery was complete from the shoulder injury but that he suffered some discomfort from soreness to his foot which, however, did not "prevent petitioner from working until on or about December 20, 1947," when the injury became disabling and that he had been unable to work since that date; that "about the middle of April, 1948," he consulted a doctor and was informed that as a result of the July 30, 1946 accident there existed an injury to one or more bones of his right foot and reiterated that his total disability had manifested itself first on December 20, 1947.
Defendant filed an exception of no cause or right of action and a plea that plaintiff's cause of action was "barred by prescription of one and two years." *Page 559 
The case is before us on plaintiff's appeal from a judgment of the District Court sustaining that plea.
From an examination of the pleadings, the evidence and the well considered written opinion of the District Judge, we accept the following as the facts in the case.
Plaintiff, while in the course of his employment with defendant, received an injury to his shoulder and foot on July23, 1946, and was attended by a physician on that date. He did not work the next day but did resume work on the 25th, and after working the 25th, 26th and a half day on July 27th, his employment with the defendant company ended. On August 9, 1946, plaintiff's attorney wrote to defendant informing them that plaintiff was injured on or about July 24, 1946 and had employed him to present a claim for compensation. On April 17, 1948, plaintiff's attorney wrote to the attorneys representing defendant advising that plaintiff expected to make a claim for compensation as a result of an injury received on or about July30, 1946. Another letter was written by plaintiff's counsel to defendant company on July 23, 1948 in which demand was made for total and permanent disability beginning December 27, 1947. Suit was filed on July 28, 1948, two years and five days after the occurrence of the injury on July 23, 1946.
Doubtless due to the long interval between the occurrence of the accident and the second demand for compensation made in 1948, the date of the accident was erroneously described in plaintiff's counsel's April 28th letter, July 23rd letter and July 28th petition as July 30, 1946, when in fact the accident occurred on July 23, 1946. We are positive of the good faith of plaintiff and his counsel, even though the petition was filed on July 28, 1948, two days before the two year prescription would run on a July 30, 1946 injury and five days after the same prescription would have run on a July 23, 1946 injury. Positive confirmation of this good faith on the part of plaintiff and his counsel is shown by the fact that the erroneous date of July 30th is set forth in plaintiff's counsel's letter written in April, 1948, when there was still approximately ninety days to run before the two year period for filing suit expired.
Section 31 of the compensation act, Act No. 20 of 1914, as amended, first by Act No. 85 of 1926, and last by Act No. 29 of 1934, reads: "That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this act or unless within one year after the accident proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitations shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim forpayment shall be forever barred unless the said proceedingshave been begun within two years from the date of theaccident."
Plaintiff's able attorney has written an exhaustive and well reasoned brief and makes the contention that since the injury did not manifest itself until December, 1947, his client had, under the law, one year from that date before his claim was barred by prescription, and that to enforce the above underscored (by the Court) portion of Section 31 of the compensation act would produce an unfair result in that a workman whose injury developed eighteen or twenty months after the accident would have less time to file suit than the workman whose injury manifested itself immediately or twelve months or fifteen months after the accident.
We concede that the result of the two year limitation is as counsel states in his well presented brief. Nevertheless, the statute is plain in providing that in no event can a compensation suit be brought more than two years from the date of injury, unless the parties have agreed upon the payments to be made, as set forth in *Page 560 
the above quoted Section 31. The rule now prevailing in Louisiana is well stated in the case of Anderson v. Champagne, La. App., 8 So.2d 373, 374: "It is apparent that under the law as it now stands, and as it existed at the time of the filing of this suit, the prescription of one year begins to run from the date of the accident if the injury develops at the time of the accident or immediately thereafter, but where the injury develops after the accident, the prescription of one year begins to run from the time the injury manifests itself, but in no event can the suit be brought more than two years from the date of the accident."
Counsel has contended that the two year prescription is not applicable in this case because although his client was injured on July 23, 1946, he could not have filed suit in the first instance before July 28, 1946, because the record showed that his client worked July 25, 26 and 27, 1946 and that the following day, July 28, 1946, was a Sunday and therefore no suit could have been filed in 1946 until July 29th. His contention being that under these circumstances, a suit filed on July 28, 1948, was filed timely enough not to be barred by the two year limitation provided in the above quoted Section 31. The language of the act is the answer to counsel's contention. The applicable portion being: "the claim for payment shall be forever barred unless the said proceedings have been begun within two years from the date of theaccident." (Italics ours).
Plaintiff's suit having been filed more than two years after the accident, the action is barred by the same law which created it.
The judgment is affirmed, with costs.
 On Rehearing.