McBRIDE, Judge.
Plaintiff, claiming to have been rendered, totally and permanently disabled by injuries received in an accident while working within the scope and course of his hazardous employment with Rust Engineering: Company, brought this suit against both the employer and its liability insurance-carrier, for workman’s compensation at the-rate of $20.00 per week for 400 weeks, together with medical expenses. Defendants filed a plea of prescription of one year,, which was' sustained by the trial judge,, hence this appeal by plaintiff.
As no evidence was introduced, all' the well pleaded allegations of fact in the-petition must be accepted as true in a determination of the exception of prescription.
Counsel entertain divergent views as to-the import of those allegations. Plaintiff’s, counsel insists that the petition abundantly-sets forth that plaintiff’s injuries manifested themselves at a time subsequent to-the accident, and on the other .hand it is-the contention' of counsel for defendants- *87 that plaintiff averred that the injuries developed immediately.
This suit was filed on July 15, 1948. The petition alleges that “on or about July 15, 1946,” while plaintiff was engaged in the performance of the duties of his occupation, he “suddenly felt a sharp knife-like pain in his hack.” The petition then contains the following allegations:
“4. Petitioner avers that he reported his said accident to the foreman and requested that he be sent to a doctor; that the said foreman told petitioner that he was short of help and that your petitioner was a very valuable man to him; that petitioner had most probably sustained only a minor strain and would be able to work the soreness out of his back; that the foreman persuaded your petitioner to continue working without reporting to a doctor at that time.
“5. Petitioner avers that he continued working although feeling pain and discomfort in his said back; that petitioner believed the said pain would go away in time but that after two (2) months of still experiencing pain and discomfort in his back, petitioner reported to the doctor without any authorization at all from the foreman.
“6. Petitioner avers that he reported to the office of his employer’s physician where he was examined by the attending physician; that after examining your petitioner the attending physician advised petitioner that your petitioner’s pains were probably due to prostatitis, a condition not associated with the accident and that same would clear up with treatment.
“7. Petitioner avers that he was required to return to the office of the said physician three times weekly for treatment which consisted principally of massage and the application of heat to petitioner’s back.
“8. Petitioner avers that after visiting the said physician for a number of times, petitioner was informed that your petitioner’s condition required rest for cure and recommended that your petitioner remain home until the pain left your petitioner’s back.
“9. Petitioner avers that pursuant to the doctor’s suggestion, he remained home; that in the meantime, a family situation had arisen which required petitioner to remain home without working for six months; that during this time petitioner’s back bothered him only occasionally and at ■ intervals when he exerted himself.
“10. Petitioner avers that at the end of this time, petitioner attempted to go back to work and, accordingly, petitioner reported to the union and was instructed to report back to his said employer, defendant herein, for employment.
“11. Petitioner avers that he reported back to him employer, defendant herein, for work; that his said employer refused to employ petitioner although before petitioner’s said injury petitioner’s skill, ability, and performance' as a lay-out man had been highly praised by his employer.
“12. Petitioner avers that he reported back to the union who instructed petitioner to report to another employer for employment; that petitioner reported to his new employer and attempted to do the carpentry work required of him; that petitioner found that he could not do the work required of him and petitioner was obliged because of pain and discomfort in his said back, and the increasing intensity of the said pain to abandon and leave his said employment.
“13. Petitioner avers that he sought medical advice to determine the cause of the increasing pain and discomfort in his said back and after some examination and treatment by a physician of his own choosing, and after being unable to determine the cause of petitioner’s continued pain and discomfort, petitioner was referred to the Charity Hospital of Louisiana for consultation and treatment.
“14. Petitioner avers that he reported to the Charity Hospital of Louisiana sometime in May, 1947; that he was given an examination consisting among other things of a myleogram.
“15. Petitioner avers that the regular run of the mill treatments consisting of numerous back strengthening exercises *88 afforded pe.titipner no relief whatsoever, but, to the contrary, increased petitioner’s pain and discomfort; tha.t in addition to the many other- treatments, petitioner was obliged to undergo the ordeal of having his body placed in traction; that weights were .placed on his legs to forcibly stretch his back and spine in order to afford petitioner some relief from the intense pain and discomfort he was suffering.
“16. Petitioner avers' that although he underwent all of the aforesaid treatment, examinations and diagnosis, his condition did (not) improve and did not manifest itself until some time in August, 1947; that then, and only then, was petitioner advised and became aware that his pain and discomfort was due to an injury in his spine and at that time the said injury manifested itself to petitioner and to the doctors at Charity Hospital to have been and to be a ruptured intervertebral disc and/or dislocated joints, all of which were caused by the accident, all as aforementioned.
“17. Petitioner avers that after his condition, as a result of the aforesaid accident., manifested itself and became known as to its origin and nature and upon the doctors ascertaining the nature and origin of his said pain, petitioner was obliged to undergo a dangerous, severe and painful operation on his back and spine which petitioner believes and so avers was for the purpose of removing a ruptured intervertebral disc and fusing together joints of his backbone.”
Plaintiff unmistakably shows that he was ignorant of the cáuse of the sharp knife-like pains in his back, and that the physician for his employer informed him that they “were probably due to prostatitis, a condition not associated with the accident.” It it also clearly alleged that it was only in August of 1947, while plaintiff was under the treatment of the doctors at Charity. Hospital in New Orleans, that he learned that he had sustained a ruptured interver-tebral disc or dislocated joints as a result-of the accident, and that it was only at that time that the injury manifested itself to plaintiff.
The original provisions controlling the limitation of claims for workmen’s compensation are to be found in § 31 of Act 20 of 1914, as amended by Act 85 of 1926, and read as follows: “That in case of personal injury * * * all claims for payments shall be forever barred unless within one year after the accident * * . * the parties shall have agreed upon the payments to be made under this act or unless within one year after the accident, proceedings have been begun as provided in Sections 17 and 18 of this act. Where, however, such payments have been made in any case, s-aid limitations shall not take effect until the expiration of one-year from the time of making the last payment.”
Section 31 of the workmen’s compensation statute, LSA-R.S. 23 :1209, was further amended by Act 29 of '1934, which added to the language above quoted the following provisions: “* * * Also, where the injury does not result at the time of, or develop immediately after the accident,, the limitations shall not take effect until the expiration of one year from the time, the injury develops, but in all such cases, the claim for ' payment shall ' be forever barred unless the [said] proceedings have, been begun within two years from the date-of the accident.”
Therefore, both the original act and the 1926 amendment to § 31 provided that in the absence of compensation payments or of an agreement between the parties as to the amount of compensation to be paid, an injured workman must begin his proceeding within one year from the date of the accident. The -clause added to § 31 by Act 29 of 1934 liberalized in favor of the injured workman the time within which suits must be commenced, by providing that the limitations shall not take effect until the expiration of one year from the time the injury develops, provided that the suit shall be begun within two years at furthest from the date of the accident.
In the present case, the plaintiff alleges that he experiencéd sudden pains while working at his occupation but that he did not become aware of. rhe fact that. *89 the pains resulted from an injury until several months afterward, when the doctors at the Charity Hospital in New Orleans discovered that the pains resulted from a ruptured intervertebral disc which they corrected by operative process. The petition sets forth that although plaintiff- had placed himself in charge of and was examined and treated by the physician for his employer, he was advised by the physician that the pains were probably due to prostatitis, a condition which was not associated with the accident, and which would clear up with treatment.
There are several authorities in Louisiana, some of which have been cited by counsel for defendants in support of their exception, holding to the effect that when an injured workman becomes sick or experiences pain immediately upon the happening of the accident, it must be considered that the injury developed immediately, although the workman does not learn until some subsequent date'the exact nature or type of the injury or the- exact cause of his suffering. See Richard v. Blair, La.App., 20 So.2d 577; Hannafin v. Pelican Cracker Factory, Inc., La.App., 185 So. 479; see also Manuel v. Travelers Ins. Co., La.App., 46 So.2d 319.
We deem the cited cases inapposite. We are unable to find a case containing facts comparable to the instant one. Here the plaintiff alleges that while he suffered sudden knifelike pains during the course and scope of his employment, he was given to understand by his employer’s physician that the pains were probably caused by prosta-titis, which is -an inflammation of the prostate gland. There are no allegations which would lead one to believe that the plaintiff considered that his'pains emanated from any other cause except that assigned by his employer’s physician. Article 16 contains the emphatic allegation that it was not until some time in August of 1947 that plaintiff was advised and became aware that his pain and discomfort were due to an injury, and certainly, under that allegation, it should not be said that the injury developed and was manifest at the moment plaintiff experienced the sharp knifelike pains.
- It is true that there is not even a remote suggestion that the ■ doctor misled plaintiff; but1 under the circumstances as alleged in the'petition, we do not think that plaintiff was imprudent in standing to and abiding by the medical advice given him. He could not bé expected to have known that the sharp knifelike pains which he felt in his back were not symptoms of prosta-titis, especially -when the physician treated him for that disease. We are unwilling to conclude that plaintiff should be penalized to the extent of having his suit for compensation-dismissed because he was oblivious that he had suffered accidental injury, and believed and relied- upon the representations. made and the treatments given him by the doctor for the' Rust Engineering Company.
Under § 31 of Act 20 of 1914, as amended, LSA-R.S. 23:1209, the limitation does not accrue until the expiration of one - year from the time the injury develops, and plaintiff had one year, counting from August, 1947, within which to bring his suit against the defendants, provided, however, that the suit was brought at furthest • not more-than two years from the date of the accident.
However, we are concerned with a feature of the case which was not called to our attention by counsel for defendants. If the accident happened on or subsequent to July 15, 1946, the suit was timely brought, as it was filed on July 15, 1948. But we notice in article 3 of the petition the allegation that the accident occurred “on or about July 15, 1946.” In view of that allegation it may be that the accident occurred prior to- that specific date, in which event plaintiff’s right of action is nonexistent.
 Since the statute creating a right of action in an injured workman to sue for compensation stipulates the time within which the right of action must be exercised, the delay is not, properly speaking, a period of prescription which would simply bar the remedy, but rather it is considered by the courts a peremption, by which the workman’s cause of action itself is absolutely and irrevocably destroyed if not seasonably exercised. Brister v. Wray *90 Dickinson Co., 183 La. 562, 164 So. 415; Heard v. Receivers of Parker Gravel Co., La.App., 194 So. 142. A plea of prescription to an action must be interposed by the defendant, as that plea is personal to him, but in the case of a peremption, no special plea attacking the cause of action is necessary. See Carpenter v. Cox, La.App., 186 So. 863.
In view of our conclusion as to the defendants’ exception of one year’s prescription, this cause must be remanded to the lower court for further proceedings, and the judge below is instructed to first ascertain, either from a supplemental petition from plaintiff or from competent evidence, the exact date of the accident, and if it should appear that this action was begun more than two years from the date of the accident, then in that event the suit should be dismissed.
For th6 reasons assigned, the judgment appealed from is reversed, and the defendants’ plea of prescription of one year is overruled, and the matter is remanded to the court below for further proceedings according to law consonant with the views and instructions hereinabove set forth. Defendants-appellees are to pay the costs of this appeal, and all other costs are to await a final determination of the case.
Reversed and remanded.