**Charles L. LaBRUZZA, Plaintiff,**

v.

**HARDWARE MUTUAL CASUALTY IN-SURANCE COMPANY, Defendant.**

**Civ. A. No. 10452.**

United States District Court
E. D. Louisiana.

Aug. 9, 1962.

Robert J. Mack, Sims & Mack, Hammond, La., for plaintiff.

Alfred W. Spiller, Hammond, La., for defendant, Hardware Mut. Cas. Ins. Co., Inc.

This matter came up for hearing on a former day on defendant's plea of prescription under Rule 12(b) F.R.Civ.P., 28 U.S.C.

IT IS ORDERED that the plea of prescription be GRANTED and that the plaintiff's case be DISMISSED.

REASONS

ELLIS, District Judge.

The plaintiff was employed as a carpenter by the Ragusa Brothers Construction Company of Hammond, Louisiana, and while in the course and scope of his employment suffered an injury that subsequently developed into a total loss of vision of the right eye. It is alleged that at the time of the incident he was withdrawing a nail from a 2″ × 8″ board. The hatchet he was using broke and caused a piece of the hatchet to strike him in the right eye.

On January 19, 1959, the defendant made a settlement with the plaintiff and on May 25, 1959, extended its last payment of Workmen's Compensation Benefits. In November of 1959 a condition of the left eye developed to such an extent that the plaintiff could no longer carry out his duties on his private farm (to which he repaired after leaving Ragusa Brothers).

This suit for total and permanent disability was filed by the plaintiff on October 11, 1960, three years, three months and seventeen days after the injury.

Defendant raises the plea of prescription in his responsive pleading as he may under Rule 12(b). Since this is a legal defense, it is properly taken up before trial on the merits. If the defense has merit, the case should be dismissed without more.

The Louisiana Employer's Liability (Workmen's Compensation) Act is found in Title Twenty-Three of the Louisiana

Revised Statutes of 1950, and Section 1209 thereof sets forth the prescriptive or peremptive periods for compensation cases (hereafter referred to as LSA–R.S. 23:1209). That section reads as follows:

"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, *but in all such cases the claim for payment* *shall be forever barred unless the proceedings have been begun within two years from the date of the accident."* (Emphasis supplied.)

■ Whether or not this section provides a period of "prescription" [1] or one of "peremption" [2] is not now before us. Even though the section is denominated "prescription", the limitation on the time within which suits for Workmen's Compensation must be instituted is actually a form of peremption since the plaintiff's right is destroyed forever if suit is not brought within the specified time.[3] In the one case before the Louisiana Supreme Court on whether the statute was one of peremption or of prescription the Court stated that the question was unimportant.[4]

■ Thus the question for determination is purely one of law, i. e. is a suit for Louisiana Workmen's Compensation prescribed or perempted if filed more than two years after the date of the injury, but less than one year after the date of total disability?

The answer is in the affirmative.[5]

1. Prescription is said to be "a peremptory and perpetual bar to every species of action, real or personal," LSA–Civil Code, Article 3459. This Article was first incorporated into Louisiana Law in 1825 as Article 3422 of the Code of 1825. There was no corresponding Article in the Code Napoleon (1804) or in the Louisiana Code of 1808.

2. Peremption comes into Civil Law, and probably into our vocabulary, from the Latin *exceptio peremptoria,* which found its way into the Institutes of Gaius and from thence into the Digest or Pandects of Justinian, Book XLIV, Title 1, Section 3, which cites Gaius as the source. The *exceptio peremptoria* forever destroyed the subject matter or ground of the action.

3. Brister v. Wray Dickinson Company, 183 La. 562, 164 So. 415; Morgan v. Rust Engineering Co., La.App., 52 So. 2d 86.

4. Harris v. Traders & General Insurance Company, 200 La. 445, 8 So.2d 289, 293, "For the purposes of the discussion in this case it is unimportant whether the period of limitation of one year fixed by Section 31 (R.S. 23:1209) of the statute for filing the suit be considered a statute of peremption or a statute of prescription." The importance of the distinction beween the two was set forth by Judge Blanchard in Guillory v. Avoyelles Railway Company, 104 La. 11, 28 So. 899, 901, "When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost. Taylor v. Coal Company, 94 N.C. 525; Cooper v. Lyons, 9 Lea, 596." Guillory was a tax case. The same language was found in Brister v. Wray Dickinson Company, supra, a Workmen's Compensation suit, and Carpenter v. Cox, La.App., 186 So. 863, 865, tax case.

5. Pretermitted is the purely superfluous discussion of whether or not a blind carpenter is totally and permanently disabled within the purview of the Louisiana Workmen's Compensation Act.

The very capable counsel for the plaintiff has cited a number of cases [6] in his opposing memorandum militating against dismissal of the suit on grounds of prescription or peremption. However, those cases involved one-year prescriptive or peremptive period problems wherein suit was filed prior to the end of the two-year period.

A case in point, on the two-year period, is that of Cook v. International Paper Company, La.App., 42 So.2d 558. In that case the plaintiff was injured on July 23, 1946, and filed his suit on July 28, 1948. (Compensation was not paid to the plaintiff for his back injury.)

In the Cook case the plaintiff made the contention that even though he was injured in July of 1946, the injury did not manifest itself into total disability until December of 1947, and that the one-year prescriptive period should run from that date. He stated that it would be an injustice to hold him to a two-year period because where the injury developed eighteen or twenty months after the injury there would be a much shorter period of prescription than those employees whose injuries manifested themselves immediately, or, say, six months later.

In Cook the Court held that "Plaintiff's suit having been filed more than two years after the accident, the action is barred by the same law which created it." [7]

The Louisiana Supreme Court, never having been presented with the problem, has, on several occasions stated that the period of two years is the final arbiter.

A case in point is that of Finley v. Hardware Mutual Casualty Company, 237 La. 214, 110 So.2d 583, wherein one of the plaintiff's cases are cited as authority for the proposition that "When it [injury] is shown to have causal connection, [with disability] the employee, who has instituted his suit within two years from the date of the accident (See R.S. 23:1209), as in this case, is entitled to recover." [8]

Also in point is Wallace v. Remington Rand Company, 229 La. 651, 86 So.2d 522, wherein Mr. Justice McCaleb stated that "It is to be remembered that the statute [the amendment by Act 29 of 1934 setting forth the two-year period] does not countenance an unseasonable delay for filing compensation claims in any case as it provides a peremption of two years from the date of the accident within which all suits must be instituted." [9]

In the instant case the plaintiff did not incur total disability until November of 1959, five months after the running of the two-year period.

We also note that suit was brought sixteen months and twelve days after the date of the last compensation payment to the plaintiff and the cause of action is prescribed on that theory of recovery.[10]

6. Mottet v. Libbey-Owens-Ford Glass Company, 220 La. 653, 57 So.2d 218; Bigham v. Swift & Company, 229 La. 341, 86 So.2d 59; Brewster v. City of Shreveport, La.App., 108 So.2d 801, and France v. City of New Orleans, La. App., 92 So.2d 473.

7. 42 So.2d 558, 560. Also see: Morgan v. Rust Engineering Company, La.App., 52 So.2d 86, wherein the plaintiff was injured on or about July 15, 1946, the injury manifested itself in July of 1947, and suit was filed on July 15, 1948. "If the accident happened on or subsequent to July 15, 1946, the suit was timely brought, as it was filed on July 15, 1948. But we notice in article 3 of the petition the allegation that the accident occurred 'on or about July 15, 1946.' In

view of that allegation it may be that the accident occurred prior to that specific date, in which event plaintiff's right of action is nonexistent," at page 89.

8. 110 So.2d 583, 586.

9. 86 So.2d 522, 526. Also see: Johnson v. Cabot Carbon Company, 227 La. 941, 81 So.2d 2, holding that prescription does not commence to run until the injury develops into total disability provided that proceedings are begun within two years from the date of the accident.

10. Brister v. Wray Dickinson Co., Inc., supra, "It therefore follows that, when a period of more than 15 months elapsed in which no payments were made, and no agreement was entered into, the right

After a careful consideration of the matter the Court is of the opinion that under the authorities referred to the plaintiff's cause of action is prescribed and/or perempted, and the suit is dismissed.

of plaintiff to recover under the Compensation Law was in the words of the statute 'forever barred'; the cause of action no longer existed; it was lost. The statute is clearly one of peremption."